Browne & Co. render certain what was before uncertain, and that when ren-
*vs.*
Stackpole. dered certain, that is an end of the right of parties to act by
parole.    This is true while such agreement continues; but
the same power that made it, can rescind it, and enter into a
new agreement.    Each agreement is a mere parole contract
in relation to a deed, and the last agreement must govern.

## BROWNE & CO. *vs.* STACKPOLE.

Where an insolvent debtor proposed making a compromise with his creditors, by
giving a note signed by one S., as surety, for a given per centage on his de-
mands, in full discharge of the same, which arrangement was agreed to by
the plaintiffs, provided the other creditors of the defendant acceded thereto;
and such assent was obtained and security was made them, and due notice
given to the plaintiffs, with the offer to fulfil the contract as to his claim—
*Held*, that the contract was so far executed that it could not then be rescind-
ed by the plaintiffs.

Also, that in such case the original promise had become superseded by the new
contract, and that no suit would lie on the same.

ASSUMPSIT upon a promissory note, dated May 8, 1835, for
$221.53, in six months.

On the trial, it appeared that before the note became due,
the defendant failed, being at that time indebted to the
plaintiffs in other demands which were due, and the plain-
tiffs and other creditors commenced suits, and attached the
property of the defendant.

Before the sitting of the court at which the writs were
made returnable, in October, the defendant went to Boston

with one William B. Smith, for the purpose of making some compromise with his creditors, and there saw William Lang, one of the plaintiffs, who said they were advised by their attornies that all their demands were secured by attachment, but if this demand was not so secured, they would take sixty per cent. upon it, or whatever the other creditors in Boston would take, even as low as fifty per cent., and Lang tried to induce the other creditors to compromise and take sixty per cent.

It was proposed by the defendant, if a compromise could be effected, to give his note for the amount, with Smith as a surety; but one of the creditors declining to receive that sum, Smith left Boston, it having been agreed by Lang that the plaintiffs (if the demand was not secured) *would do what the other creditors would do, and Lang was to try and have the compromise with the other creditors effected before court.*

On the day of the sitting of the court, or the day before, a paper was furnished to the attornies who commenced the suits, signed by the other creditors, agreeing to take sixty per cent. upon their demands; and thereupon said Smith gave his note to said attornies for an amount sufficient to cover the value of the goods attached, and the sixty per cent. upon the other demands, for the purpose of securing the amount until the sums to be paid could be ascertained, and in order to enable the defendant to resume business as soon as possible—all the demands not being then in the attornies' hands.

After the sitting of the court, notes were given to the other creditors in Boston for sixty per cent. of their demands, signed by the defendant and said Smith, and the defendant's father; and they then offered to give to the attornies of the plaintiffs a note for sixty per cent. of this demand—which was declined, because they had no instructions to that effect; but they agreed to write, and did write to the plaintiffs, who returned an answer refusing to receive sixty per cent. upon this claim, and caused a suit to be commenced upon it shortly after it became due.

It did not appear that any conversation had been had with the plaintiffs after Smith left Boston. Smith testified that if he had not supposed, from what Lang said, that the plaintiffs would be willing to receive what the other creditors received, he would not have signed any note. No note was offered to the plaintiffs or their attornies, nor any money tendered; but after this suit was brought, the defendant brought into court sixty per cent. upon the amount of the demand, which has been taken out by the plaintiffs.

A verdict was taken for the plaintiffs, by consent, subject to the opinion of the superior court upon the foregoing case.

*Hale*, for the plaintiffs, contended that payment of a less sum than the note, without a release under seal, was no satisfaction of the plaintiffs' claim; and cited 5 *Co.* 117, *Pinnell's case ; Co. Lit.* 212. *b ;* 2 *D. & E.* 24, *Heathcote* vs. *Crookshanks ;* 7 *Mass.* 265, *Upham* vs. *Smith ;* 9 *Johns.* 333, *Dederick* vs *Leman ;* 2 *Star. Ev.* 26.

*Christie*, for the defendant, cited 11 *East* 390, *Steinman* vs. *Magnus ; Yel.* 11, *a. n.* 1 ; 1 *Esp.* 236, *Butler* vs. *Rhodes ;* 13 *Mass.* 424, *Eaton* vs. *Lincoln ;* 5 *Johns.* 386, *Watson* vs. *Inglesby & al. ;* 2 *Star. Rep.* 417, *Wood* vs. *Roberts ;* 3 *Esp.* 228, *Jolly* vs. *Wallis.*

UPHAM, J. It appears in this case that the defendant, having failed in business, made propositions to compound with his creditors by giving his own note, signed by a friend of his, as surety for a certain per centage of his debts.

The plaintiffs, who were creditors of the defendant, made no objection to the terms of settlement proposed, but promised to aid in carrying them into effect, and that they would settle with the defendant at the same rate as the other creditors.

After a settlement was made, however, with the other creditors, and security given, the plaintiffs refused to settle

their claim at the rate paid the other creditors, and brought this suit to recover the whole amount due them.

No suggestion is made in the case, of any fraudulent representations on the part of the defendant, as to the condition of his affairs, or of his ability or means of payment. Had such facts been shown, they would clearly have vacated any contract of settlement by compromise; 6 *D. & E.* 263, *Cooling* vs. *Noyes ;* 6 *Pet. Ab.* 15 *and* 21, *note ;* but the defence is placed solely on the ground that the promise of the plaintiffs was not binding in law, and that they were at liberty, notwithstanding such promise, to refuse accepting any thing less than their whole demand.

Had no others been concerned in this proposition than the parties to this suit, the exception might have prevailed. Such an agreement, if not under seal, is regarded as without consideration, and void, unless there is something collateral to show the possibility of benefit to the party relinquishing. 5 *East* 232, *Fitch* vs. *Sutton ;* 1 *Stra.* 426, *Cumber* vs. *Wane ;* 2 *Johns.* 448, *Harrison* vs. *Close ;* 5 *ditto* 391, *Watkinson* vs. *Inglesby ;* 12 *ditto* 426, *Pabodie* vs. *King ;* 1 *Dal.* 217, *Musgrove* vs. *Gibbs ;* 5 *Pick.* 44, *Howe* vs. *Mackay ;* 10 *ditto* 304, *Makepeace* vs. *Har. Coll. ;* 5 *N. H. R.* 411, *Wentworth* vs. *Wentworth.*

It is well settled, however, that if, on the faith of such agreement, a third person is induced to become a surety for any part of the debts, on the ground that the party will thereby be discharged from the remainder ; or if other creditors have been induced, by the agreement, to relinquish their further demands on the same supposition, the creditor cannot recover the residue, as it would be a fraud upon the surety or other creditors. 11 *East* 390, *Steinman* vs. *Magnus ;* 2 *Stark.* 417, *Wood* vs. *Roberts ;* 3 *Camp.* 175, *Boothbey* vs. *Sowden ;* 13 *Mass.* 424, *Eaton* vs. *Lincoln ;* *Yel.* 11, *a, note.*

Such are the mutual rights and interests of the creditors in such a compromise, that it is holden if the creditors of

an insolvent debtor consent to accept a composition for their respective demands, upon an assignment of his effects, and one of the creditors refuses to execute such agreement, except on the debtor's giving his note for the residue of his demand, such note is void in law, as a fraud on the rest of the creditors; and a subsequent promise to pay it will not maintain an action. 2 *D. & E.* 763, *Cockshott* vs. *Bennett;* 15 *Pick.* 50, *Case* vs. *Gerrish;* 12 *Johns.* 306, *Wiggin* vs. *Bush.*

It has already been decided in this state, that where a creditor agrees with his insolvent debtor if he will procure the security of a friend for a certain part of the debt, he will release the residue, and the debtor performs the agreement, it constitutes *a valid contract;* and if such debt is due on a judgment, and the creditor enforces payment by a levy of the execution, the debtor may recover damages for the violation of the contract, by suit. 1 *N. H. R.* 297, *Colbourn* vs. *Gould.*

And a verbal promise to accept such composition with the other creditors, and execute a deed, will prevent the creditor, if he refuses to perform these acts, from suing for the original cause of action. 1 *Esp.* 236, *Butler* vs. *Rhodes;* 2 *Campbell* 383, *Bradley* vs. *Gregory.*

In this case the original promise has become superseded by a new contract, founded on the consideration of the defendant's prior indebtedness; in which contract other persons have become interested, and which has been executed by them to such an extent that it cannot now be rescinded by the plaintiffs. The former contract is annulled, and the plaintiff's sole remedy is on the new contract, substituted in its stead. The suit, therefore, on the note cannot be maintained, and the verdict for the plaintiffs must be set aside, and

*A new trial granted.*