## CHESBROUGH *vs.* WRIGHT and LOSEE.

An insurance company, although authorized to receive notes for advanced premiums to be written against, and to allow a certain interest thereon, is not authorized to allow five per cent on the whole amount, without deduction for such sums as may be written against.

An agreement to that effect is illegal, and the note cannot be recovered on, by the company. But as the statute does not make the note void, a third person, receiving it before it became due, for a valuable consideration and without notice of the illegal agreement, will be entitled to recover. SUTHERLAND, P. J. dissented.

But merely receiving a note in part payment of a precedent debt, does not constitute a parting with value, which will render the holder a *bona fide* holder for value.

Chesbrough *v.* Wright.

ACTION upon a promissory note, for $1000, made by the defendant on the 8th of November, 1855, payable to his own order, six months after date, and indorsed by him in blank, and delivered to the Atlas Mutual Insurance Company, in the city of New York. The action was tried before the court, without a jury, a jury having been expressly waived; and after hearing the proofs of the parties, and the arguments of counsel, the judge found the following facts and conclusions of law: 1st. The Atlas Mutual Insurance Company was incorporated by an act of the legislature of the state of New York, passed April 10th, 1843; it was organized and went into operation on the 1st day of May, 1852; became insolvent and ceased to exist on the 5th of March, 1856. 2d. Aaron C. and Lewis R. Chesbrough were partners in the mercantile business from 1851 until since the commencement of this action; Aaron C. has since died, and Lewis R. is the sole survivor. 3d. Lewis R. Chesbrough was a stockholder and trustee in the said Atlas Mutual Insurance Company from its organization until its close. 4th. By its charter, the company, for the better security of its dealers, was authorized to receive notes for premiums in advance, of persons intending to receive its policies, and to negotiate them for the purpose of paying claims or otherwise, and to allow a compensation not to exceed five per cent on the notes so advanced; under that power the company, on the 12th of October, 1855, passed a resolution to take up a subscription of $40,000, and a subscription was started in which the subscribers thereunto agreed to give their notes for the amount subscribed, at four months in advance of premiums, to said company. The whole sum was subscribed. 5th. On the 8th of November, 1855, the trustees of said company passed the following resolution: "Resolved that a subscription in the sum of $400,000 in premium notes to be written against be obtained; subscriptions to be binding when $300,000 is subscribed, including the $40,000 already subscribed." The subscription paper under that resolution reads as follows: "We the subscribers

hereunto, agree to give to the Atlas Mutual Insurance Company our notes in advance of premiums of insurance, at six and twelve months, in equal amounts, for the sums set opposite our names respectively, it being understood that, in consideration thereof, the subscribers are to be allowed by the company, at the maturity of their notes, five per cent on the amount thereof. This subscription is toward the $400,000 subscription authorized by a resolution of the board of trustees of this date, and is not to be binding until the sum of $300,000 is subscribed." The defendants subscribed to such paper the sum of $5000. 6th. That the whole amount actually subscribed to such paper was but $225,000, excluding the 40,000 subscription of October 12th, 1825, and the sum of $37,500 subscribed by insurance companies of this and other states, but including the subscriptions of the insurance companies and the $40,000, it exceeded the sum of $300,000. 7th. That the defendants were subscribers to the $40,000 subscription. 8th. On the 30th of November, 1855, the board of trustees of the Atlas Insurance Company passed the following preamble and resolution: "It being understood that $300,000 is now subscribed under the resolution of the board of November 8th, it is therefore resolved, that the officers commence at once to collect the notes to that amount, and proceed in liquidating the liabilities of the company therewith." And in pursuance of that resolution, the president of the company called upon the defendants to give their notes, representing that the $300,000 had been subscribed. The defendants, relying upon that statement, thereupon gave their notes, dated November 8th, 1855, of which the note in suit is one. 9th. The note in suit was transferred to the plaintiffs by the company on the 30th of January, 1856, in part payment of a loss sustained by them on a risk insured in the company, the exact amount of which had not then been ascertained, but had been presented to the company more than thirty days prior to such transfer; and that the amount of said loss exceeded the amount of notes transferred, and the

said note was receipted by L. R. Chesbrough, for the firm. 10th. That at the time said note was transferred to the plaintiffs, the company was largely indebted to others, as well as to the plaintiffs. 11th. That the $40,000 subscription of October 12th, 1855, was never made confidential. 12th. That the several insurance companies which subscribed to the $400,000 subscription of November 8th, 1855, did so without authority by resolution from their several boards; that the general powers and privileges of said corporations are such as are conferred by the 18th chapter of the first part of the revised statutes, the right to make insurance on vessels, freight, goods, dwellings, stores, &c. and to cause themselves to be reinsured against any risk or risks, upon which they have made or may make insurance. 13th. That the amount of the note sued on, with interest at 7 per cent, to the date of the report was $1255.24.

From these facts the judge's conclusions of law were,

*First.* That the plaintiffs were not bona fide holders of the note in suit without notice of its character, but held the same subject to all defenses which would exist against it in the hands of the Atlas Insurance Company. *Second.* That the subscription of the several insurance companies to the subscription of November 8th, 1855, was void. *Third.* That the condition precedent to the subscription of the defendants becoming operative and binding having never been performed, no legal liability attached to them to pay; and their note, obtained by false representations as to the performance of the condition precedent, had no validity in the hands of the insurance company, or in the hands of those who took it with notice. He therefore directed that the complaint be dismissed, and that judgment be entered for the defendants for costs. The plaintiff appealed to the general term.

*Britton & Ely,* for the appellant.

*Beebe, Dean & Donohue,* for the respondents.

Chesbrough *v.* Wright.

BARNARD, J. The company were authorized to receive notes for advanced premiums to be written against and allow certain interest thereon; but were not authorized to allow as they undertook to do in the case of the note in suit, five per cent on the whole amount without deduction for such sums as might be written against. This agreement was illegal. (2 *Kernan,* 569.) Consequently none of the notes the giving of which formed a part of the agreement could be recovered on by the company. As however the statute does not make the note void, the plaintiffs, if they received it before it became due, for a valuable consideration, without notice of the illegal agreement, would be entitled to recover. (*Willmarth* v. *Crawford,* 10 *Wend.* 341. *Rockwell* v. *Charles,* 2 *Hill,* 499.) In this case, however, the plaintiffs are not bona fide holders for value. It is found and the case shows that they merely received the note in part payment of a precedent debt. That this does not constitute a parting with value has been expressly held by the general term of this district in *Spear* v. *Myers,* (6 *Barb.* 445.) I am not aware that that case has been overruled. It is true it has been held that one who receives a note indorsed without restriction for the accommodation of the maker, in payment of a precedent debt, may recover on it; but this was so held on the ground that the maker had a right to appropriate it to any purpose he should deem most for his interest, and such appropriation, when made, rendered it valid in the hands of the holder. This view of the case renders it unnecessary to consider the other points raised. Judgment affirmed, with costs.

CLERKE, J. I concur in affirming the judgment on the ground deduced from the third conclusion of law found by the judge who tried the cause.

SUTHERLAND, P. J. dissented.

Judgment affirmed.

[NEW YORK GENERAL TERM, December 7, 1863. *Sutherland, Clerke* and *Barnard,* Justices.]