ALEXANDER M. LAWRENCE *v.* RALPH CLARK AND OTHERS.

*Note without consideration on Debt.*

The receiving of a note on a precedent debt without surrounding or relinquishing any security or right in regard to it, does not constitute the party so receiving it a holder thereof for value.

THIS is an appeal from an order of the General Term, reversing a judgment of the Special Term in favor of the Defendants.

The notice of appeal was accompanied by a stipulation on the part of the Defendants, that in case the order appealed from should be affirmed, judgment absolute might be rendered against them.

The action was brought against the Defendants as makers of a promissory note for $569.33, dated September 1, 1854, payable four years from date. The Defendants, comprising the mercantile firm of Clark, Watson & Co., having become embarrassed in their business and unable to meet their engagements, entered into a composition agreement with their creditors, by which the latter agreed to accept seventy-five per cent. of their claims, secured by notes of the firm with an endorser, payable at stated periods, in full settlement and satisfaction thereof. The arrangement with the creditors was general; and a paper in due form was executed by them, evidencing the agreement. The firm of Wood & Grant were creditors of Clark, Watson & Co., and accepted the conditions, and with the other creditors signed the paper. Notes duly endorsed for seventy-five per cent. of the indebtedness to Wood & Grant were furnished according to the arrangement, which were accepted by that firm and paid as they fell due. At the time of the arrangement and as an inducement to Wood & Grant to enter into it, it was secretly agreed that Clark, Watson & Co. should, in addition to the compromise notes, also give that firm their firm-note for the excess of twenty-five per cent. ; and pursuant to such agreement, and for such excess, the note in suit was given.

A few months before it fell due Wood & Grant transferred

the note to the Plaintiff, who received and accepted it upon and in part payment of a prior existing indebtedness of that firm to him.

BOCKES, J.—It must be conceded that the note in suit was invalid in the hands of Wood & Grant, who received it for the balance of their claim beyond the amount secured to all the creditors of Clark, Watson & Co., by the composition deed. The secret agreement made with Wood & Grant was illegal, and the note given in pursuance of it was void in their hands (Breck v. Cole, 4 Sandf. 79; Russell v. Rogers, 10 Wend. 473, 479; 4 E. D. Smith, 466; Hall v. Dyson, 10 Eng. L. & E. 424; Leicester v. Rose, 4 East. 372; 12 Price's Exch. Rep. 183; 13 Vesey, 581; 15 Vesey, 52; 9 N. H. Rep. 478.)

Nor can the Plaintiff enforce it if not a bonâ fide holder. According to the evidence, he received it from Wood & Grant and applied it on a preëxisting debt which he held against that firm. Mr. Clark, one of the firm, testified: "He (Plaintiff) had demands against us of about $5,000; the money was due at the time; he took this note for a debt; he gave us credit for the note; he has no claim against us on account of the note; he took it in payment of so much of his debt." The question now is, was he a bonâ fide holder of the paper? A bonâ fide holder of negotiable paper is one who receives it before maturity, for value, and without notice of any existing equity against it. In this case the Plaintiff received it before maturity, and without notice. But did he give value for it; did he part with anything of value or relinquish any right upon the faith of it?

It was held in the leading case in this State, of Coddington v. Bay (5 John. Ch. 54; 20 John. 637), that the holder, to be protected against latent equities, must have parted with something of value at the time the note was received in money or property, or must have incurred some responsibility or relinquished some right on the faith of it. The numerous decisions bearing on this question were all carefully considered in Farrington v. The Frankfort Bank (24 Barb. 554); and it was there determined that the rule laid down in Rosa v. Brotherson (10 Wend. 86), and in Payne

*v.* Cutler (13 Wend. 605), to the effect that when a creditor receives the transfer of a negotiable note in payment of a precedent debt, without giving up any security, takes it subject to all equities existing within the original parties, was the settled law of this State.

I am not aware of any more recent case holding in hostility to this rule. In Brown *v.* Leavitt (31 N. Y. 113) a security was surrendered on receiving the new note. In Boyd *v.* Cummings (17 N. Y. 101) a right was relinquished. In Ayrault *v.* McQueen (32 Barb. 305) security was surrendered. In Stettheimer *v.* Meyer (33 Barb. 215), a note was surrendered and money paid.

In Cardwell *v.* Hicks (37 Barb. 458) the note was taken for a precedent debt and for cash paid. It was held that the party could receive only for the amount of cash advanced.

In Chesbrough *v.* Wright (41 Barb. 28), it was held that the receiving a note in part payment of a precedent debt did not constitute a parting with value, which would render the holder a bonâ fide holder for value. In Webster *v.* Van Steenburgh (46 Barb. 212) it was held that to constitute a person a bonâ fide purchaser, he must have received the instrument upon some new consideration advanced at the time, or must have relinquished some security for a preëxisting debt due him (32 N. Y. 553, 557; 34 N. Y. 247). It seems, therefore, perfectly well settled that the receiving a note on a precedent debt, without surrendering or relinquishing any security or right in regard to it, will not constitute a person a bonâ fide holder, so as to shut out equities which might be insisted on against the prior owner. In this case the Plaintiff received the note to apply, so far as it would go, in reduction of the indebtedness of Wood & Grant to him. He relinquished no security or right on the faith of it; nor did he part with anything or incur any risk in obtaining it.

As regards the indebtedness of Wood & Grant to him, his position was the same after as before he accepted the note. So far as appears from the evidence, his right to prosecute that firm for his claim was not at all impaired. The imposition upon him of an illegal, hence valueless, note, deprived him of no right which he otherwise would have had.

The judge, therefore, ruled correctly on the trial, in holding that the Plaintiff was not a bonâ fide holder of the note for value, but occupied the position of Wood & Grant in regard to the defence urged.

The order of the General Term should be reversed, and judgment absolute rendered for the Defendants, pursuant to the stipulation.

The same result will be attained by reversing the order appealed from, and affirming the judgment of the Special Term.

WRIGHT, PORTER, HUNT, PARKER, and SCRUGHAM concurred in the above opinion.

DAVIES and GROVER dissented.