STEPHEN COLEMAN, Appellant, v. WILLIAM V. R. LANSING
and another, Respondents, Impleaded, &c.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

The *bona fide* holders of a note recovered judgment upon it against the
maker and indorsers, which they assigned to their immediate indorser.—
*Held*, that the latter held the judgment subject to the rights of the maker,
against the note while in his hands, and that he (the indorser), having
received the note in payment of a precedent debt, through the fraud of
his debtors upon the maker, equity would relieve the maker from an
enforcement of the judgment against him, by the assignee.

THIS was an appeal by the plaintiff from a judgment dis-
missing his complaint upon a trial by the court.

The action was in equity, and the complaint prayed relief,
among other things, that a certain note, made by the plaintiff,
payable to the order of one Klinck, by way of security for the
surrender to Klinck of another note, and indorsed by the payee
to the defendant Lansing, might be declared to have been so
transferred in fraud of the plaintiff, with Lansing's knowledge;
that a judgment recovered upon the note against the maker
and indorser, by Lansing's indorsee, and, after recovery
assigned to Lansing, might be satisfied, and discharged of
record, or that the plaintiff might have judgment against the
defendant, for the face of the note and interest, and for an
injunction restraining the defendant Lansing from proceeding
to enforce the judgment *pendente lite, &c.*

It appeared that the defendants had been partners in busi-
ness, under the firm name of Klinck, Lansing & Co., and had
made their firm note to the order of the plaintiff for $1,250,
dated August 21, 1868, payable at eight months with interest,
and delivered it to him for value received. That Klinck
had assumed payment of the debts of the firm upon its disso-
lution, and among others the payment of this note, and that,
upon a purchase by the plaintiff of some of the firm property
after its dissolution, the plaintiff had given Klinck his pro-

Coleman *v.* Lansing,

mise to surrender the note for $1,250 as payment, and to secure the fulfillment of the promise, the note not then being in his (plaintiff's) possession, the plaintiff had given his individual note for like amount, and falling due simultaneously with it, to Klinck, payable to his order, to be held by the latter, and surrendered again by him upon his receipt of the firm note; that Klinck had turned over the plaintiff's note to the defendant Lansing, to apply upon an indebtedness of the former firm of K. L. & Co. to him, upon a note for $3,000 made by the firm to one Barnes, which Lansing had taken up with his individual funds at maturity, and the indebtedness of the firm upon which had been assumed by Klinck on the dissolution. Lansing procured the plaintiff's note to be discounted just before maturity, and neither he nor his indorsers had any actual knowledge of any defence to the note in favor of the maker. Before maturity of the notes, the plaintiff obtained the firm note to him for $1,250, and tendered it to Klinck, demanding at the same time his own note, and was then informed of the transfer to Lansing. The plaintiff's note went to protest; a suit against him as maker, and Klinck and Lansing as indorsers, was commenced by Lansing's indorsees, and judgment obtained by default. Lansing then paid the face of the judgment and took an assignment of it to himself, and issued execution against the plaintiff, which was levied on his property, and the plaintiff brought this action, refusing to give up the firm note except on surrender of his own.

The court gave judgment for the defendant and plaintiff appealed.

*F. L. Durand* for the appellant.

*C. H. Clark* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. W. V. K. Lansing was not a *bona fide* holder, for value of the note given by the plaintiff to

Klink. He took it in part payment of a precedent debt; and it is well settled that one who receives a note upon such a consideration is not a *bona fide* holder. (20 J. R., 637; 6 Hill, 93; 24 Barb., 554; 37 id., 458; *Lawrence* v. *Clark*, 36 N. Y., 128.)

Erickson, Jennings & Mumford, having received the note from Lansing, before maturity, and without notice of the purposes for which it was made, or the manner in which Lansing acquired it, were *bona fide* holders, and against them the plaintiff had no defence.

But, when Lansing took an assignment of the judgment recovered upon the note by E., J. & M., he did not obtain the rights of his assignors. He held the judgment, as he did the note, subject to the rights of the plaintiff against the note while it was in his hands. (*Devlin* v. *Brady*, 36 N. Y., 531.)

After the recovery of the judgment, the plaintiff was forever foreclosed from assailing it upon any other ground than fraud in obtaining it.

As a general rule, this immunity from assault accompanies it into the hands of every person to whom it is assigned. Were it not so, the person recovering it might lose the whole benefit of it, as no one would purchase it, if, when purchased, it was liable to be defeated or rendered valueless by reason of some defect in the title of some of the persons through whose hands the claim may have passed on which the judgment was recovered.

It is on this ground that negotiable paper is held valid in the hands of one who had notice of facts rendering it invalid, when he acquires title to it from a *bona fide* holder.

The same considerations which would render it proper to make an exception to the general rule in case of negotiable paper, apply to a judgment.

In the case of *Devlin* v. *Brady* (*supra*), the note was made for an illegal purpose, which was known to the plaintiff. He indorsed it, and procured it to be discounted by the Bowery Bank, and after protest paid the amount to the bank and took up the note, and brought a suit upon it against the maker.

Coleman *v.* Lansing.

The plaintiff sought to recover on the ground that the Bowery Bank was a *bona fide* holder, for value, without notice; and he, having acquired the title of the bank to the note, was entitled to the rights of the bank, and, as a consequence, to exclude the defence of illegality in the consideration set up by the maker. The Court of Appeals, however, held, that, as the plaintiff was not a *bona fide* holder of the note when he transferred it to the bank, he acquired no greater rights to it, when he paid it and took it up, than he had when he transferred it, and the defence was available against him.

W. V. K. Lansing indorsed the note in question in this suit, procured it to be discounted, paid the bank the amount of the judgment, and took an assignment. He is in precisely the same position Devlin was in, in the case cited, and his rights cannot be any other or different, except so far as the judgment operates to prevent the plaintiff and other parties to the note from disputing its validity.

In the case of *Newell* v. *Gregg* (51 Barb., 263), a sufficient reason is furnished for maintaining this action. In that case it was held, that an action may be maintained against the holder of a promissory note which is in his hands invalid against the maker, but who wrongfully transferred it before maturity to a *bona fide* holder for value, and without notice, and who enforces payment thereof, and the maker will be entitled to recover the amount of said note and interest.

The transfer in such a case is held to be fraudulent, as against the maker; and, if so, a court of equity may grant the maker relief against a judgment on the note recovered by the *bona fide* holder who wrongfully transferred it.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

Judgment reversed.