## FELDMAN *vs.* GAMBLE.

1. A secret arrangement by a debtor, who compounds with his creditors,. to pay one more than he does the others, is a fraud upon the others; and a mortgage given to carry out such an arrangement, is void.

2. If the consideration of a mortgage is made up of several distinct transactions, some of which are illegal, and that part of the consideration which is legal can be separated, with ease and certainty, from the illegal, the mortgage may be held valid for that part of the consideration free from illegality.

3. The party setting up that the consideration of a mortgage arose out of an illegal contract, has the burden of proof, and to make his defence successful, is bound to produce sufficient evidence to satisfy the court his defence is true.

4. The court will not, generally, exercise the power of appropriating payments when an appropriation has already been made by either debtor or creditor; neither will the court withdraw a payment voluntarily made in fulfillment of an illegal contract, in order that the money may be applied in payment of a just debt.

---

On final hearing, on bill, answer, and proofs.

*Mr. Charles L. Corbin,*. for complainant..

*Mr. J. R. Hardenburgh,* for defendant.

THE VICE-CHANCELLOR..

The evidence fully establishes the due execution of the mortgage. The witnesses attempting to impeach it are not trustworthy. At least their conduct does not excite confidence. If

Darling and Vail are believed, it is manifest they intended to defraud either the defendant or the complainant. It does not matter which; they were active participators in the attempt, and are, therefore, entitled to be regarded as standing on the same level, in point of credibility, with witnesses of unquestioned truthfulness and fairness.

The proof utterly fails to show the defendant did not clearly understand the business in which she was engaged when she executed the mortgage. She admits she went to Jersey City expressly to execute a mortgage. Her visit had no other object. She had promised her friend Darling to do so two or three weeks before. She desired to aid him in his pecuniary troubles. More than a week before the execution of the mortgage, she delivered her deed to him to have a search made, to satisfy the complainant he could take a mortgage on her lands with safety. The complainant had never exchanged a word with her until he met her at the office where the mortgage was executed. It is not claimed the mortgage differs, in the slightest respect, from what she understood it was to be. She does not pretend it differs in amount, terms of payment, mortgaged premises, or in any other particular, from the mortgage she intended to make. She did not expect to be compelled to pay the mortgage debt; few sureties do. I have no doubt she reposed a foolish faith in Darling's ability to pay, and his promises she should suffer no loss. I have no doubt he deceived her. But the complainant is not responsible for his inability to keep his word, or his fraud. The evidence clearly proves the defendant voluntarily pledged her property for the payment of Darling's debt, with full notice of the hazard she incurred. It is the duty of the court to hold her to her contract.

The only point on which I have had doubt is, whether or not the mortgage was infected, to any extent, by an illegal consideration. On the argument, it was insisted by the counsel of the defendant, that its consideration was, in part, made up of a debt of Howell C. Vail and Sons to the complainant, which he had agreed to release, in common with their other

creditors, by a composition contract, but that there was a secret understanding between them, that the complainant's debt should be paid in full, and the mortgage was given, in part at least, to carry out that arrangement. Such a consideration would, unquestionably, invalidate the mortgage *in toto;* 1 *Parson's Notes and Bills* 216 ; *Lawrence* v. *Clark,* 36 *N. Y.* 128 ; *Sharp* v. *Teese,* 4 *Halst.* 352, 440 ; 2 *Chitty's Con.* (11 *Am. ed.*) 973 *and* 1050 ; unless it appeared the consideration was made up of several distinct transactions, some of which were entirely honest and fair, and the valid consideration could be separated with certainty and ease from the vicious, then it might be held good for so much as was free from the taint of illegality. 2 *Chitty's Con.* (11 *Am. ed.*) 973 ; *Carleton* v. *Woods,* 28 *N. H.* (8 *Foster*) 290 ; *Robinson* v. *Green,* 3 *Metc.* 159.

A seal is not now a shield against the defence of fraud in the consideration of a deed. *Pamph. L.,* 1871, *p.* 8 ; *Revision* 270, § 16.

The answer does not set up this defence. If strict rules were applied, such as experience has deemed necessary to insure fairness and justice in conducting legal investigations, this defence could not be heard without an amendment of the answer, and a fair opportunity afforded to the complainant to meet it. The burden, however, is on the defendant. She is bound to prove her defence, in this respect, so clearly and strongly, as to fully convince the judgment of the court. She has not done this. A member of the firm of Howell C. Vail and Sons was examined as a witness. He fails to state distinctly that any part of the debt released, entered into the consideration of the mortgage, but leaves it to be inferred from the history of the transaction he gives. This inference is completely overcome by the evidence of the complainant. He says the debt due to him at the date of the composition contract has been paid in full, one hundred cents on the dollar, because old Mr. Vail wanted him paid in full. He further says, the purchases made of him by the Vails, after the execution of the composition contract, amounted to between

$1100 and $1200. Although Joseph A. Vail was subsequently recalled and re-examined, he did not impugn this statement. No one else has. It must, therefore, be taken as true, that if there was a fraudulent arrangement between the complainant and the Vails, by which he received more than their other creditors, its taint did not touch the mortgage.

The counsel of the defendant also insisted it was the duty of the court, in the exercise of the power to appropriate payments, to apply the money paid by Vail to the complainant, under the secret arrangement, in satisfaction of the debt of the defendant. The court cannot, ordinarily, exercise this power, except the payments are unappropriated by either party. *Terhune* v. *Colton*, 1 *Beas.* 320. Here, according to the only evidence on the subject, the payment was made expressly in discharge of the debt contracted prior to the composition contract. Besides, I know of no rule of law which will permit the court to open a fraudulent contract, voluntarily executed, to give its aid to either party. They must be left where they have voluntarily placed themselves. *Ex dolo malo non oritur actio.*

The complainant is entitled to the relief he asks. I will so advise.