LEOPOLD LINDON, RESPONDENT, v. ORIN M. BEACH, IMPLEADED, ETC., APPELLANT.

*Frivolous answer — order striking out — appeal from.*

An order striking out an answer affects a substantial right, and is appealable to the General Term and Court of Appeals. (*Western Railroad Corporation* v. *Kortright*, 10 How., 457.)

In an action against the acceptor of a bill of exchange, he alleged that he accepted the bill at the drawer's request, and on his agreement to deposit notes with him to secure him against liability, which agreement was never complied with, and that the plaintiff received the bill with notice of these facts, and without giving any consideration therefor. *Held*, that the answer could not be stricken out as frivolous.

APPEAL from an order striking out defendant's answer as frivolous.

*Sidney Williams*, for the appellant.

*H. O. Southworth*, for the respondent.

Daniels, J.:

The order striking out the answer was entered in a very brief form on the 20th of March, 1875, and on the first of April following another order was entered containing a description of the motion made, the papers used upon the hearing, and the decision made by the court. The notice of appeal stated the appeal to be from the first order, which the respondent insists is not effectual for the purpose of reviewing the decision. But as the order entered on the first of April was no more than an amplification or amendment supplying formal defects in the one which was entered upon the decision made, there can be no substantial ground for this objection. The object of the notice was to appeal from the decision which struck out the answer. And it sufficiently apprised the respondent of that fact, to render it entirely effectual. He was in no manner misled by the defect, if any such in truth existed, and for that reason this objection should be disregarded according to the provision made by section 176 of the Code.

The next objection taken to the appeal is, that it should have been from the judgment ordered in the plaintiff's favor instead of from the order striking out the answer. But the case does not show that any judgment was, in fact, entered upon the decision. If judgment had been entered the respondent's remedy was a motion upon affidavit, showing that fact, to dismiss the appeal. The mere fact, that judgment was ordered for the plaintiff, was not sufficient to prevent an appeal from the order, as long as the judgment was not entered.

The order made affected a substantial right of the defendant, and involved the merits of the action ; and, by subsection 3 of section 349 of the Code, it was expressly made appealable. This was distinctly held in the case of *Western Railroad Corporation* v. *Kortright* (10 How., 457). Authorities of an adverse character are to be found on this subject in the books. But they seem to be in plain conflict with the provisions of the statute in this respect. For that expressly provides that an appeal in those cases may be taken to the Court of Appeals from an order " which strikes out an answer, or any part of an answer, or any pleading in an action " (Code § 11, sub. 2), which clearly would be practically annulled, by holding that the appeal in such a case could only be taken from the judg-

ment. The party affected by the order is not bound to wait for the entry of a judgment. He may appeal from the order at once to the General Term, and afterward, in a case like the present one, to the Court of Appeals, if the decision of that court should be against him.

The defendant appealing was acceptor of a bill of exchange drawn upon him by A. Wackerhagen. By his answer, it was alleged that the acceptance was made at the drawer's request, and on his agreement that he would, the next day, deliver to him the promissory notes of two persons named in the answer, for an amount about equal to the acceptance, to secure him against liability upon the same. That he afterward failed to deliver the notes, and the plaintiff received the bill from him without giving any consideration for it, and with notice of all the equities existing between the defendant and the drawer. The answer was sworn to by the defendant. And if the statement contained in it should prove to be true, it would not be so clear that it contained no defense, as to be liable to be stricken out as frivolous. (*Book-staver* v. *Glenny*, 3 N. Y. S. C. [T. & C.], 248.) This case is directly in point, and the principle decided has been since affirmed by the Court of Appeals in *Bookstaver* v. *Jayne*, not yet reported.

The affidavit of the plaintiff, used in support of the motion, stated that he received the bill in satisfaction of a claim which he had against the drawer for converting certain bonds. But that was a precedent liability, and he surrendered nothing held by him for it, either when the bill was delivered or at any time afterward, and could not, consequently, protect himself as a *bona fide* holder of it for value. (*Lawrence* v. *Clark*, 36 N. Y., 128 ; *Pratt* v. *Coman*, 37 id., 440 ; *Barnard* v. *Campbell*, 58 id., 73.) He also denied notice of the agreement, set forth in the answer, that the drawer would, the next day, deliver notes to secure the acceptor against liability. But the defendant's affidavit was equally as positive that the acceptance was made on the condition that it was agreed that such notes were to be given him, and he stated that the plaintiff was present when the agreement was made, and understood that the defendant was not to pay the bill, if the notes were not delivered to him. He also added, that the plaintiff had admitted the same thing since the bill became due.

These affidavits showed the existence of a sharply contested issue

of fact between the parties, which could not properly be tried upon a motion. Who was right it was not practical to determine upon the papers produced. In such a contest the parties are entitled to have the issue between them tried in the ordinary manner. It was substantial, and doubtful in its nature, requiring an oral examination of the parties, and the observance of their conduct and probable truthfulness, for its proper determination. The answer may have been false, but that could not be satisfactorily concluded from the affidavits produced.

The order appealed from should be reversed, with ten dollars costs and disbursements attending the appeal, and an order entered denying the plaintiff's motion, with ten dollars costs.

Davis, P. J., and Brady, J., concurred.

Ordered accordingly.