Daniels, J.
—The notice of appeal includes an appeal from an order denying a new trial, as well as from the judgment, but as the case contains no order, it must be con *532 sidered and decided whoEy upon the appeal from the judgment.
The action is on a note for the sum of $2,500, made by the defendant Bauer and indorsed by the other defendant,' who is a married woman, and charged her separate property with its payment. The plaintiffs received the note from Leopold Levy, to whom it had been first delivered. He was indebted to them on an account, and received credit for the amount of the note on the account.
That it should be so credited was the consideration on which they received the note. And as a defense to it, the defendants proposed to prove that the note had been made and delivered to Levy under an agreement with the maker, that he should obtain and return the money for it, or return the note itself, instead of which he turned the note over to the plaintiffs in part payment of their account against him. The evidence to prove these facts was objected to by the plaintiffs’ counsel as immaterial and incompetent, and it was excluded by the court, to which the defendants excepted.
The plaintiffs now rely in part on the defective condition of the answer to sustain this exception. And if that objection had been urged at the trial it might require to be sustained; for the defendants did not allege, by way of defense, this misappropriation of the note. But they did aver the fact to be, that the note was made and indorsed without consideration, and that they had been criminally defrauded and deprived of it by the acts of Levy. And if the objection had been made that this was not sufficient to permit proof of the defense, the defendants offered to prove, it might have been made so by the allowance of an amendment adding a statement of this alleged diversion of the note. The court had the power at the trial to allow this amendment, for it may now permit an additional aEegation by way of pleading to be there made. Code Civil Procedure, § 723. And where an objection may, in that way be removed, it cannot be effectually first taken on an appeal. The defective condition of the answer formed no reason at the trial for the exclusion of this defense. But it was excluded, because the evidence was considered to be incompetent or immaterial. And the appeal must be considered and decided wholly on that ground.
That the defendants were not precluded from making this defense to the note by the credit of it as a payment on the account they had against Levy, is quite well established by the authorities. By that credit they neither parted with any value, nor surrendered anything whatever on the faith of it. If they had, they would stand in a very different legal position requiring the exclusion of this defense. But, *533 if they shall be deprived of this credit by the proof of this defense, their account will stand as it did before, as a legal demand against their debtor Levy. Their right to enforce and collect it will be in no manner affected by the fact of this credit, and its effacement through proof of the fact that Levy had no authority to use the note for that object. And where that is the condition of the holders of commercial paper fraudulently diverted from the purpose for which it had been made and endorsed, there the maker and endorser may relieve themselves from liability upon it by proof of such facts as were proposed to be shown in this instance. Lawrance v. Clark, 36 N. Y., 128; Phœnix Ins. Co. v. Church, 81 id., 218; Grocers' Bank v. Penfield, 7 Hun, 279, 69 N. Y., 502; Moore v. Ryder, 65 id., 438.
If this note was made and endorsed to be used by Levy only by obtaining the money upon it, or if he failed to do that, then to be returned by him to the maker, and it was ■without consideration in fact, he had no legal authority to deliver it to the plaintiffs in part payment of his indebtedness to them. That would be a fraudulent diversion of it from the object for which it was made and endorsed. And the defendants were entitled, as no objection was taken to the answer, to prove these facts as their defense The case was disposed of at the trial adversely to this right. And, to correct that error, the judgment should be reversed and a new trial ordered, with costs to abide the event.
Van Brunt, P. J., and Bartlett, J., concur.