CHARLES A. ZOEBISCH, Respondent, v. ELIZABETH
    J. VON MINDEN and REINHOLD VON MINDEN,
    Appellants.

*Composition deed — no moral obligation exists on the part of the debtor sufficient to
support a promise to pay the balance of the debt — an agreement to prefer one creditor,
made either before or after the execution of the deed, is void.*

In September, 1877, the defendant, Reinhold Von Minden, made an assignment
for the benefit of his creditors to the plaintiff, to whom he was then indebted in
the sum of $3,277.59; $2,500 thereof being due upon a bond and mortgage
executed by the defendants to one Parshall, which was by him assigned to
the plaintiff who also held four notes of Von Minden for $625 each, and $777.59
being represented by notes and an open account for goods sold. After the
making of the assignment a composition deed was executed by the several
creditors, including the plaintiff, by which they covenanted and agreed to
accept, in full discharge and satisfaction of their several debts, notes of the
assignee for thirty per cent of their respective claims, and thereafter a deed of
release was executed by the creditors, including the plaintiff, releasing and
forever discharging the said Von Minden "from all debts, claims, demands,
specialities, covenants, etc , then existing against him in favor of the said cred-
itors, or either of them." The plaintiff, when signing the composition deed,
wrote against his signature the sum of $777.59.

Subsequently to the execution of the release there were business dealings between
the plaintiff and Von Minden, and in July, 1880, a settlement of the amount
of the indebtedness of Von Minden to him was adjusted at $1,752.53, this
result being reached by treating the claim of $2,500 unpaid on the bond as still due.

Upon the trial of this action, brought to foreclose a mortgage for $1,500, given
by the defendants upon this settlement to secure the payment of that amount
of the said indebtedness, a judgment was entered in favor of the plaintiff.

*Held*, that it should be reversed.

That, even if Von Minden and the plaintiff entered into an express agreement that
the composition should not apply to $2,500 of the indebtedness, such an agree-
ment, in view of the language of the composition deed, would have been void
as being a fraud upon the other creditors.

The rule that the involuntary discharge of a debtor, by operation of law, leaves
such a moral obligation to pay the debt, as will sustain a subsequent promise
to pay it, does not prevail in this State where the debtor is discharged by the
voluntary act of the creditor.

*Crans* v. *Hunter* (28 N. Y., 390) and *Stafford* v. *Bacon* (1 Hill, 532) followed.

That an agreement to prefer one creditor, made after the signing of the composi-
tion, violates the spirit of the composition deed, and is a fraud upon the other
signers thereof equally as much as if made before the signing thereof.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

In September, 1877, the defendant, Reinhold Von Minden, made an assignment to the plaintiff for the benefit of his creditors. At this time the assignor was indebted to the assignee in the sum of $3,277.59; of this amount $2,500 was due upon a bond of the assignor to one James L. Parshall for $3,000, which bond was secured by a mortgage executed by both defendants, and which bond and mortgage had been duly assigned by Parshall to the plaintiff, and for which sum the plaintiff also held Reinhold Von Minden's four notes for $625 each. The balance consisted of two notes and an open account for goods sold and delivered together amounting to $777.59. Soon after the making of the assignment a composition deed was executed by the several creditors of the assignor by which they covenanted and agreed to accept, in full discharge and satisfaction of the several debts and sums of money due to them from said assignor, his promissory notes at six, nine and twelve months for in the aggregate thirty per cent of their respective claims. This deed was signed by the plaintiff, he writing against his signature the sum of $777.59. Subsequently a deed of release was executed by the creditors including the plaintiff, whereby in consideration of the compliance on the part of said Von Minden with the terms of the composition above mentioned the said creditors "remised, released and forever discharged the said Von Minden from all debts, claims, demands, specialties, covenants, etc., then existing against him in favor of the said creditors or either of them."

Subsequently to the execution of this release there were business dealings between Mr. Von Minden and the plaintiff and prior to July, 1880, the settlement of this account had been a matter of dispute between the parties during which a statement was made by the plaintiff of his claim and submitted to Mr. Von Minden, which claim amounted to $2,362.87. The first item in this statement was a charge of $2,500, the amount for which the plaintiff had held the Parshall mortgage as above stated. To this item Mr. Von Minden made no objection, but other items were disputed by him and finally, about the middle of July, the amount of the indebtedness was adjusted at $1,752.53. For $1,500 of this amount the bond and mortgage in suit were given, and for the balance Mr. Von Minden

gave his notes. The defendants for two and a half years paid the interest on this mortgage and then made default. Upon being pressed for payment they promised and asked for time. This action to foreclose the mortgage was then begun, and the defendants answered that the same was without consideration and void. The referee before whom the cause was tried having found in favor of the plaintiff, from the judgment thereupon entered this appeal was taken.

*M. M. Budlong*, for the appellant.

*D. M. Porter*, for the respondents.

Van Brunt, P. J.

That the $2,500, which was secured by the Parshall mortgage, was discharged by the composition deed was decided by this court upon a previous appeal in this action. It seems to have been attempted to evade the force of that decision by showing that the plaintiff, when he and the other creditors signed the composition deed by which he and they agreed to receive from the debtor thirty cents on the dollar, "in full discharge and satisfaction of the several debts and sums of money that the said Reinhold Von Minden owes and is indebted to us," did not mean any such thing, but only intended to compromise about one-quarter of the indebtedness due to him from Mr. Von Minden, and that Mr. Von Minden also so understood it. And that when the plaintiff, with the other creditors, acknowledging a compliance upon the part of Mr. Von Minden with the terms of the deed of composition, executed and delivered to him a release under seal whereby they released him from every kind of obligation, he did not intend to release him from this indebtedness of $2,500, and that Mr. Von Minden so understood it.

The answer to this position seems to be entirely conclusive. No agreement can be reformed unless it fails to express the understanding of all the parties to it. The other creditors of Mr. Von Minden were parties to this agreement, and there is no evidence that, when they signed the composition and release, and saw that the plaintiff had compromised and released all his indebtedness, that they knew that, although he said all, he only meant one-quarter. Even if Mr. Von Minden and the plaintiff had entered into an express

agreement that the composition should not apply to $2,500 of the indebtedness, such an agreement, in view of the language of the composition deed, would have been void as being a fraud upon the other creditors. (*Lawrence* v. *Clark*, 36 N. Y., 128.). The fact that the plaintiff only put $777.59 opposite his name in. the composition deed does not alter his position, because the other creditors had the right to claim that this was a representation by; the plaintiff that the whole indebtedness of Von Minden to him. amounted to only $777.59.

But it is sought to sustain the bond and mortgage in suit upon the ground that there was some sort of a moral obligation under the circumstances upon the part of Mr. Von Minden to pay this $2,500, and such being the fact a consideration for the giving of the bond and mortgage existed. It is true that it has been repeatedly held that the involuntary discharge of a debtor (that is by operation of law) leaves such a moral obligation to pay the debt as will sustain a subsequent promise to pay it. But a different rule prevails in this: State where the debtor is discharged by the voluntary act of the creditor, as is recognized by the court in the case of *Crans* v. *Hunter* (28 N. Y., 393) and cases there cited, and such seems to have been the law in this State since the decision of the case of *Stafford* v. *Bacon* (1 Hill, 532).

The reason of the distinction between cases of involuntary and voluntary discharges seems to be obvious. In the former case the proceeding is for the purpose of devolving the whole of the debtor's property at once, as far as it will go to the payment of his debts. and that thereby he may be discharged from all further liability, ' The creditor, against his will, is prevented from keeping alive his claim against his debtor. In the case of a composition deed, it is by the voluntary act of the creditor that he releases the debtor, and he acts under no compelling force to do that which he is unwilling to do. The relation between the debtor and his creditors is one of confidence and trust. The creditor relinquishes a part of his claim. for the purpose of enabling his debtor to go on in business. He does so upon the understanding that all the creditors are treated alike, and that one creditor has no advantage over another; and so. jealously does the law regard this understanding that all agreements in violation of it between the debtor and any creditor are held to be..

void. The composition deed represents to each creditor that all the others are willing, by the relinquishment of a part of their indebtedness, to allow the debtor to retain his property for the purpose of business ventures, and that such property, so far as the old debts are concerned, shall not be liable except as stated in the composition. This being the case, if an agreement made before the signing of the composition to prefer one creditor is a fraud upon the others, equally so is an agreement made afterwards. Such an agreement violates the spirit of the composition deed, and is a fraud upon the other signers thereof. By agreement of the creditors each has wiped out his claim as effectually as though it never had existed. The case of *Dunham* v. *Griswold* (100 N. Y., 226) does not militate against the views above expressed.

A claim which is a fraud in law can never form a good consideration for any agreement. The giving of an obligation to pay the claim of the plaintiff was a fraud upon the other creditors of the defendant Mr. Von Minden, who had signed his composition deed, and if such an obligation, if given in pursuance of an express promise, could not be enforced, there seems to be no principle upon which it can stand, because it is given without such promise having been made. The evidence in the case shows that at the time of the adjustment of the account the whole of the indebtedness due from Von Minden to the plaintiff, except that arising upon the claim of $2,500, had been paid, and consequently nothing was due from Von Minden to the plaintiff at the time of the giving of this mortgage.

The judgment appealed from must be reversed and a new trial granted, with costs to appellant to abide event.

Brady and Daniels, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.