OAKLEY BEACH *v.* JOHN OLLENDORF.

When the creditors of a debtor have signed a composition deed, every agreement, securing an advantage to one of them withheld from the others, is void. Nor in such a case is it necessary to show an execution of the compromise deed by all the creditors. A fraud upon any one of them is sufficient to invalidate the agreement.

A composition deed, though under seal, if executed by one of the partners in the firm name, is binding upon the partnership.

APPEAL by defendant from a judgment of the Marine Court. This was an action upon a promissory note. The defence was, that the note was given to induce a firm, of which the plaintiff was a member, to sign a compromise agreement, releasing the defendant from his indebtedness to his various creditors; that it

was given without the knowledge or consent of the other credit-
ors and was therefore void.   Upon the trial, the defendant
introduced a compromise agreeement under seal, purporting to
have been executed by the various creditors of the defendant.   He
proved its execution by one of the creditors and also the firm of
Beach, Case & Company, of which firm the plaintiff was a
member.   The signature was the firm name and made by the
plaintiff, not by the partners individually.   The note in suit
was given to the firm to induce them to sign this compromise
deed, and was passed by the firm to the present plaintiff.   The
compromise was then offered in evidence, but was objected to
by the plaintiff's counsel, upon the grounds that it did not ap-
pear that the plaintiff was authorized to execute an agreement
under seal for the firm; nor did it appear that the release was
executed by the other creditors.   The objection was sustained,
the compromise excluded, and judgment was rendered for the
plaintiff.

Tyler and Brown, for the appellants.

Nathan Comstock, for the respondent.

BRADY, J.—The note in suit was given by defendant to plain-
tiff, as one of the firm of Beach, Case & Co., in addition to
twenty per cent. in cash, which the creditors of the defendant
had agreed to accept in full discharge of their debts and as a
condition of that firm uniting in the composition deed, which
they did.   It was also agreed, at the time the note was given,
that it was to be kept secret from the other creditors.   There
can be no doubt that where the creditors of a debtor have
signed a composition deed, every agreement securing an advan-
tage to any one of them, withheld from the others, is a fraud
upon them and void.   Beck v. Coll, 4 Sand. S. C. R. 79, and
cases cited.

The composition deed was proved by the witness, Case, to
have been signed by the plaintiff on behalf of the firm, with au-

thority so to do, and such act was subsequently ratified by Case as one of the firm. Even if such ratification had not occurred, the act of the plaintiff would be binding on his copartners. It created no obligation and incurred no liability. It was the sale or compromise of a debt which one partner may make under seal. It was not necessary to prove the signatures of all the persons appended to the composition deed, a fraud upon any one of them was sufficient to invalidate the note. The witness Gay proved the signature of John Caswell & Co., Gregory & Co., and Balen & Co., and the deed should, when offered, have been received in evidence. The justice erred in this respect and the judgment must be reversed.

Judgment reversed.