## SUPREME COURT.

SAMUEL TOWNSEND, respondent agt. ZENAS NEWELL, appellant.

In order to avoid a *secret agreement* made between the debtor and one of the creditors who signs a *composition deed,* it is not necessary that the agreement should call for any *additional security,* or for a payment *above* the amount of the original indebtedness; but it is sufficient if the agreement calls for a payment *greater than that secured to the creditors by the composition.*

Where the action was brought on notes given by the debtor to two of his creditors for the whole amount of indebtedness, in pursuance of an arrangement made between them that these creditors should assist him in procuring a compromise with his creditors,

*Held,* that the agreement was void and the notes given under it were void.

*New York General Term, November,* 1861.

By the court, BARNARD, Justice. From the specific facts found by the referee, it is clear that the arrangement under which the notes in suit were given was fraudulent as to such of the other creditors as Barker procured to sign the instrument of release, which is in the nature of a composition deed.

All the cases in reference to composition deeds lay it down as a fundamental principle, that all private agreements between the debtor and one of the creditors signing the deed, whereby such creditor secures or seeks to secure an advantage over the other creditors so signing, are void and cannot be enforced against the debtor.

It is urged that the above principle does not apply to this case, because,

I. R. L. Crooke and Barker never agreed to accept any compromise, or to take less than their whole debt, but always insisted on the full amount.

II. R. L. Crooke and Barker were not to, and did not receive anything in addition to their original claim.

We do not perceive that these circumstances take the case out of the principle referred to.

In no one of the cases in which the principle was asserted was there in fact any agreement by the creditor to accept the terms of the composition deed, or to assent thereto ; but the agreement or assent was always conditioned on the creditor's receiving some advantage over and beyond the terms of the deed—in some cases the advantage to be the payment or securing of the balance of the debt : As instance, the case of *Knight* agt. *Kent*, (5 *Bing.*, 432,) where the composition was for ten shillings on the pound, one of the creditors refused to comply with the terms until the brother of the debtors spontaneously agreed to supply him with coal equal in value to the residue of the debt. The coal was supplied, and suit was afterwards brought on the composition note. Held that the agreement was a

fraud on the other creditors, and that plaintiff, having received his ten shillings on the pound in coal, could not recover it again in money.

The language used in the cases, " the creditor refused to comply with the terms until," is apt to mislead. From an examination of all the cases it will be seen that the creditor not only refused to, but never did comply with the terms. What he did comply with was an entirely different arrangement.

It is true that in each case he signed the composition deed, and so far as the mere act of signing was a compliance, he complied; but in no other respect was there a compliance.

In the case now before the court there was as great a compliance with the terms as in any of the decided cases.

The creditor has not only signed the instrument, but went around and got others to sign it who may have been induced to sign solely in consequence of his solicitations and representations, the sincerity thereof being tested by his having himself signed.

It is true he never consented to take less than the whole, and insisted on having the whole; so did the creditor in the case of *Knight* agt. *Hunt.* But he signed the instrument; so did the creditor in that case.

The only difference between the two cases lies in the means employed to perpetrate the fraud.

The shapes and forms which fraud assumes are ever varying, so as to meet the cases as they shall be adjudged from time to time.

The result of the evidence in this case is, that the creditor said to the debtor, " You must pay me in full, and then I will lend you the sanction of my name, and also my personal influence to induce the other creditors to take less."

This is substantially what was said by the creditor in each one of the cases where the agreement was adjudged fraudulent.

A secret agreement, whereby a creditor is to receive more than the composition deed calls for, is void, although no additional security is given.

In order to avoid a secret agreement, made between the debtor and one of the creditors who signs the composition deed, it is not necessary that the agreement should call for any additional security, or for a payment above the amount of the original indebtedness, but it is sufficient if the agreement calls for a payment greater than that secured to the creditors by the composition.

There can be no recovery in this case, unless either the 4th or 5th of the respondent's points is valid.

The 4th point is, that the instrument in question, not being signed by defendant, is not a mutual obligation, but is a mere offer to such creditors as were willing to accept; and that R. L. Crooke & Co. never accepted it.

The instrument in question is a release *in præsenti* under seal. The consideration for the release was the giving of two notes for twenty per cent. of the claims, with an indorser.

It was not necessary for the releasee to sign such an instrument.

The instrument does not contain mutual obligations to be performed at some future time, but for a present consideration releases and discharges Zenas Newell from the debts due to those creditors who signed.

If these creditors did not get the consideration before signing, that was their own fault. They could bring an action for the consideration, if the consideration was not given; and perhaps might sue on the original indebtedness, and reply to an answer setting up the release, a total failure of consideration.

The fifth point is, that the composition notes have never been offered or tendered. If R. L. Crooke and Barker had been *bona fide* signers of the release without any outside arrangements, then this fact might have enabled them to

Townsend agt. Newell.

sue on the original indebtedness. This suit, however, is not brought on the original indebtedness, but on notes given by Zenas Newell in pursuance of the arrangements made between him and R. L. Crooke and Barker, that that firm should assist him in procuring a compromise with his creditors. This agreement was void and the notes given under it were void.

Even if the action was on the original indebtedness, still there could be no recovery. The omission of the tender was in consequence of the agreement that the notes for the whole amount should be given instead of the compromise paper. These notes were so given. The omission being caused by the fraudulent agreement made by R. L. Crooke and Barker, they cannot now come in and say that an act done or omitted in pursuance of that very agreement gives them a right to, in effect, enforce it. If it were otherwise the creditor would be allowed by a cunningly devised arrangement to reap the fruits of an agreement made to procure an advantage over other creditors whom he had induced to accept less than their just due ; which creditors he might perchance have taken pains to induce to accept the less so as to enhance his chance of getting the more.

The referee says, " the conduct of Barker was clearly fraudulent as to some of the creditors." One of the constituents of this fraud was the design that the compromise notes should not be given, but that other notes to a much larger amount should be substituted. These were substituted, and it is on these the action is brought. The party should not be allowed to take advantage of this fraud to recover a larger amount than he had induced others to accept.

The judgment below must be reversed, and new trial ordered, costs to abide event.

LEONARD, J. The agreement of compromise was made with other creditors, whom Barker procured to sign it, as

much as with the defendant. It was a fraud upon other creditors to receive notes for a larger sum than they were to receive from the defendant.

The notes are within the authority cited for defendant. I concur in the within decision. There should be a new trial, costs to abide event.