## NEW YORK COMMON PLEAS.

JAMES GILMOUR, plaintiff and respondent, agt. JAMES THOMP-
SON *et al.*, defendants and appellants.

Every agreement by which a creditor signing a composition deed secures
to himself any advantage, not known to the other creditors of the debtor,
is void.

Where the debtor, to induce his creditor to join in the execution of the
composition deed, gave him a note for the difference between the amount
of the debt and the amount agreed to be paid by the terms of the deed,
and the creditor transferred the note before its maturity to a *bona fide*
holder for value, without notice, *held*, that the payment by the debtor to
the holder of the note was not voluntarily made, and that the amount paid
might be recovered back from the creditor who wrongfully exacted the
note, in an action for money had and paid out to his use.

*General Term, June*, 1875.

THIS action was commenced in the marine court. The
plaintiff alleged in his complaint, and proved at the trial, that
on or about the 24th day of May, 1873, he was indebted to
the defendants in the sum of $377.25 ; that he was unable to
pay his debts in full, and that he entered into an agreement
in writing with his creditors, whereby they agreed to accept
and receive, in full satisfaction of their respective claims
against the said plaintiff, the sum of forty cents on every
dollar owing by him to them in his promissory notes satis-
factorily indorsed, payable in six months after their respective
dates. That all the creditors executed the composition agree-
ment, and that it was in all things executed and performed
on the part of the plaintiff.

That the defendants, in fraud of the other creditors to said
agreement, and as a condition of signing the same, exacted

Gilmour agt. Thompson.

from the plaintiff, his promissory note for $226.25, at five months, in addition to the sum they agreed to accept, and which they subsequently received with the plaintiff's other creditors under the composition deed. That the defendants afterward negotiated and transferred said additional note, before its maturity, to a *bona fide* holder for value, without notice, and the plaintiff was in consequence obliged to pay it; the plaintiff therefore claims that by means of these several premises, he is entitled to recover back from the defendants the amount so paid ($226.25).

The justice before whom the action was tried held that, under these circumstances, the plaintiff was entitled to recover, and rendered a judgment in his favor for the amount claimed, and interest, and from this judgment the defendants appealed to the general term of that court, where the following opinion was delivered.

*Edward Paterson*, for appellants.

*Blumenstiel & Asher*, for respondent.

McAdam, *J.* — In *Bean* agt. *Brookmire & Rankin* (7 *Bankruptcy Regr.*, at *p.* 575) chief justice Dillon laid down the rule applicable to this class of cases as follows: "The rules of law respecting the good faith to be observed by all who unite in composition agreements are well known and well settled, and rest upon the soundest policy and upon the clearest principles of equity, commercial morality and fair dealing. The temptation to obtain undue or secret advantages is so great, that the necessity for the severe rules which have been declared by the courts to repress it is undeniable. All must be open and fair. If the creditor appealed to by his debtor makes it a condition of his uniting in a composition that he shall have any advantage not enjoyed or made known to the others, the transaction cannot stand either at law or in equity. It is a fraud upon creditors, and they

can avoid it. It is treated as oppression or duress toward
the debtor, and he may defend against any promise to pay
made under such circumstances; or, if he has actually paid,
he may recover back the amount, as the law does not consider
the parties as being in *pari delicto*, nor regard such payments
thus made as voluntary, and allows such recovery on grounds
of public policy (*citing Breck* agt. *Cole*, 4 *Sandf.*, 79; *Pin-
neo* agt. *Higgins*, 12 *Abb. Pr.*, 334; *Atinson* agt. *Denby*, 6
*Hurl. & Norm.*, 778; *on appeal*, 7 *id.*, 935; *approving
Smith* agt. *Bromley, Doug.*, 696, *note; Clay* agt. *Ray*, 17
*Com. B.*, 188; *Leicester* agt. *Rose*, 4 *East*, 372; *Jackson* agt.
*Mitchell*, 13 *Vesey, Jr.*, 581; *Knight* agt. *Hunt*, 5 *Bing.*,
432; *Bradshaw* agt. *Bradshaw*, 9 *M. & W.*, 29; *Wood* agt.
*Barker, Law Rep.* [1 *Eq. Cas.*], 139; *Howden* agt. *Haigh*, 3
*Perry & Davison*, 661; *S. C.*, 11 *Ad. & E.*, 1033; *Higgins*
agt. *Pitt*, 4 *Exch.*, 322; *Wells* agt. *Girling*, 1 *Brod. & Bing.*,
447; *S. C.*, 4 *Moore*, 78; *In re Hodgson*, 4 *De Gex & Sin.*,
354; *Mallalieu* agt. *Hodgson*, 16 *Ad. & E.*, 689; *Culling-
worth* agt. *Loyd*, 2 *Beavan*, 385." *See, also, Beam* agt.
*Amsinck*, 8 *B. R.*, 288; 36 *N. Y.*, 128; 22 *How. Pr. Rep.*,
164; *Carroll* agt. *Shields*, 4 *E. D. Smith*, 466; *Beach* agt.
*Ollendorf*, 1 *Hilt.*, 41).

In *Smith* agt. *Cuff* (6 *Maule & S.*, 160) it appeared that
the defendant, being a creditor of the plaintiff, entered into
a composition deed with the other creditors to receive ten
shillings on the pound, under an agreement with the plaintiff
that he would give defendant his promissory notes for the
remainder of the debt; which notes were accordingly given,
and the composition was paid to defendant, and he negotia-
ted the promissory notes, the holder of one of which
enforced payment from plaintiff by action; and it was held
that plaintiff might recover back the amount from the defend-
ant in an action for money paid, had, and received. The
case just cited is like the one now under consideration. Lord
ELLENBOROUGH, C. J., in the last case, said: "This is not a
case of *par delictum:* it is oppression on one side, and sub-

Gilmour agt. Thompson.

mission on the other; it never can be predicated as *par delictum* when one holds the rod and the other bows to it. There is an inequality of situation between these parties; one was creditor, the other debtor, who was driven to comply with the terms which the former chose to enforce. And is there any case where money having been obtained extorsively and by oppression, and in fraud of the party's own act, as it regards the other creditors, it has been held that it may not be recovered back? On the contrary, I believe that it has been uniformly decided that an action lies." In the case under examination the defendant, as in the case cited, negotiated the note before maturity to an innocent holder for value, and without notice. In his hands there was no defense to the note, and its payment, under circumstances leaving the plaintiff no other option, was not voluntary but coercive.

In *Wilson* agt. *Ray* (10 *Ad. & E.*, 82), it appeared that plaintiff, being about to compound with his creditors, defendant, a creditor, refused to subscribe the deed unless he were paid in full. Plaintiff, to obtain his signature, gave a bill, payable to defendant's agents, for the difference between twenty shillings in the pound, and eight shillings, the proportion compounded for; defendant then signed the deed. Plaintiff did not honor the bill when due; but on subsequent application, he paid it, some months after the dishonor, by two installments, to the payee, and defendant received the money. The other creditors were paid according to the deed, and the court held, that plaintiff could not recover back the amount paid to defendant above eight shillings in the pound, for that the transaction had been closed by a voluntary payment, with full knowledge of the facts, and ought not to be reopened; and that it made no difference that the sum in question had not been recovered by action. In the case cited, the plaintiff was under no obligation to pay the bill; it was held at maturity by the payee; and the defendant, with full knowledge of these facts, paid the amount of the bill in two installments. The defendant, having the option whether he would pay the bill

or not, voluntarily closed the transaction by payment, and there was no reason why it should be reopened; but in the present case this voluntary element is wanting, and the payment was coerced and involuntary (*Smith* agt. *Cuff*, *supra*).

The defendants claim that *Smith* agt. *Cuff* does not apply to this case, for the reason that the note was given after the defendant signed the composition deed; and that, having had his *locus poenitentie*, the giving of the note was relieved from the effects of coercion or duress, and cites *Atkinson* agt. *Dealy* (6 *Hurl. & Nor.*, 778) and *Higgins* agt. *Pitt* (4 *Exch.*, 325) to sustain his position.

We do not think these cases go as far as the defendants contend.

The consideration of the note was fraudulent, for the reasons stated, and, although given after the composition deed was executed, it was part and parcel of the original corrupt agreement exacted, before the deed was signed, as a condition for its execution; and there is nothing in the case to take it out of the rule laid down in *Smith* agt. *Cuff.* (*supra*).

For these reasons, the justice at the trial term very properly found for the plaintiff, and the judgment rendered by him is therefore affirmed, with costs and thirty dollars allowance.

ALKER, J., concurred.

On appeal to the general term of this court, present chief judge DALY and judges ROBINSON and LARREMORE, the judgment of the marine court, general term, was affirmed, in the following opinion:

ROBINSON, J. — Defendants, on concurring with other creditors of the plaintiff in a compromise of his debts at forty cents on the dollar, and before executing the composition deed, exacted from him a promise to pay to them the balance of their debt, by a note at four months. Such note was accordingly made some fifteen or twenty days thereafter, and, having been transferred by defendants, before maturity, to a

*bona fide* holder, was paid by plaintiff to him.   This action was brought in the marine court, to recover the money so paid by compulsion, and judgment having been rendered in plaintiff's favor, which was affirmed on appeal to the general term of that court, the question of the right to such recovery is again raised on this appeal.   The reasons assigned for that affirmance by the general term, in the able opinion of judge · McADAM, are entirely satisfactory in demonstrating that the consideration of the note, being founded on an exacting by defendants in fraud of other creditors, was void, and was not enforcible as between these parties.

The question has been fully investigated in this court, in the learned opinion of chief judge DALY, in *Pinneo* agt. *Higgins* (12 *Abb.*, 334), and the opinion of judge McADAM · was in harmony therewith.·   The further question, whether a party to a negotiable promissory note, void as between him and the payee or holder, but which has been transferred by the other having such void title to another, who has become a *bona fide* holder for value before maturity, can, on payment of the note to such *bona fide* holder, recover from the party thus transferring the illegal security, and causing the enforcement of it as an obligation which the party so transferring it could not have exacted, seems so clear that it is not raised in this appeal.   The liability of the defendants for the amount they have thus, through the color of the law, illegally caused to be exacted from the plaintiff seems clear.   The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.