By the Court.—Sedgwick, J.
The counsel for appellant bases his motion upon the suggestion, that the general term overlooked, or did not give due effect to the cases of Gilmour v. Thompson, 49 How. Pr. 198, and Comstock v. Hier, court of appeals, MSS. The cases cited are harmonious with the opinion of the general term in this case. In Comstock v. Hier the fact was, that the plaintiff had an action for his note, and no part of his action rested upon proof of an illegal transaction between him and defendant, in the course of which, he had delivered the note to him. In Gilmour v. Thompson, the plaintiff had a right of action, although the transaction was illegal, because he was the debtor, and so, in the estimate of law, the *605 victim of oppression. In the present case, the plaintiff was a party to the illegal transaction, but not a victim. TTis participation in it was voluntary. He cannot, therefore, avail himself of circumstances that would otherwise show a conversion by defendant. Without proof of the illegal act, the presumption would be that the defendant held the note, by voluntary delivery and value. This presumption could be rebutted only by testimony as to the illegal transaction. But such testimony the law does not allow the plaintiff to give, for a right of action cannot spring ex turpi causa.
Motion denied with ten dollars costs.
Speir, J., concurred.