### Hart & Hoyt vs. Palmer.

Where a member of a firm made a note in his own name, and procured a friend to endorse it for his accommodation, and then transmitted it to his firm, with directions to apply it to their own purposes, he being at the time greatly indebted to his firm, and they transmitted the note to a creditor, to whom the firm was indebted beyond the amount of the note, with directions to collect it and apply the proceeds to the credit of the firm, *it was held* that the creditor, to whom the note was last transferred, was not entitled to maintain an action upon the note against the endorser.

THIS was an action of *assumpsit*, tried at the Monroe circuit in October, 1832, before the Hon. ADDISON GARDINER one of the circuit judges.

The defendant was sued as the *endorser* of a promissory note for $1000, bearing date 31st March, 1831, made by *Josiah Bissell, junior*, payable six months after date at the Bank of New-York. The note was endorsed by the defendant for the accommodation of the maker, who, on the *seventh* day of the same month of March, had sent the note to the defendant, requesting him to endorse it, saying he would make it payable at *Rochester* or *east*, and get the money on it and use it well. On the 28th March, the note was in the hands of the maker at *Seneca Falls*, when he filled up the note in *pencil*, by inserting the *time* and *place* of payment; and being unwell, directed it to be sent to the firm of *Ford, Bissell & Co*, of Rochester, of which firm he was a member, with instructions that *they might use it for their own purposes*. On the *fifth* of April, the maker of the note died at Seneca Falls. Two or three days previous to his death, the note was received by *Ford*, one of the firm of *Ford Bissell & Co.*, and filled up by him with *ink* in the same manner as it had been previously filled up by the maker in *pencil*. Ford offered the note for discount at the Banks at Rochester, but did not succeed in obtaining the money for it. In *July*, Ford enclosed the note to the plaintiffs, commission merchants at New-York, directing them to *collect it and apply the proceeds* to the credit of the firm of *Ford, Bissell & Co.*, who then, and for some time previous to the death of the maker of the note, were indebted to the plain-

tiffs to an amount for exceeding the amount of the note. When Josiah Bissell, junior, transmitted the note to his firm, he was indebted to his firm beyond the amount of the note, and $800 of his indebtedness to his firm was for money taken by him in *January* preceding, from funds drawn from the *plaintiffs* in the fall and winter preceding his death, by the firm of Ford, Bissell & Co., to carry on their business. The firm, at the time of the death of Bissell, were *insolvent*, and have so continued ever since. The jury, under the charge of the judges, found a verdict for the *plaintiffs*. The circuit judge, on application, refused a new trial, and a motion is now made to this court for a new trial.

*S. Stevens*, for the defendant.

*J. A. Spencer*, for the plaintiffs.

*By the Court*, NELSON, J. The plaintiffs cannot recover. Their rights are no greater than those of the firm of *Ford, Bissell & Co.*, for whose benefit they were to collect the note, and to whose credit they were to apply the proceeds. *Ford, Bissell & Co.*, could not sustain an action against the defendant. Bissell, the maker of the note, in his letter of the 7th March, represented himself and firm in a prosperous condition as to business, by way of inducement to the defendant to endorse his paper ; and the case shows that his firm was wholly insolvent at the time, and have so remained ever since. Bissell being one of the *firm* to whom the note was transferred, and for whose benefit, by intendment of law, collection is sought, the firm is chargeable with full knowledge of the representation made by him ; and whether it was made fraudulently, or through a mistaken apprehension of his affairs, it would be unjust and against conscience to permit a recovery : it would be sanctioning the perpetration of a gross fraud upon the defendant by the firm of Ford, Bissell & Co.

New trial granted.