## PAYNE vs. CUTLER.

Any defence available against the *payee*, may be set up against the *holder* of a negotiable note, unless the holder received the same in the *usual course of trade*, i. e. paid money or property, or incurred liability upon the credit of the note.

A *partial failure* of the consideration of a note may be given in evidence to reduce the amount of the recovery; *notice*, however, of such defence must be given. A total failure or want of consideration may be given in evidence under the general issue.

MOTION to set aside report of referees. The plaintiff, on the hearing before the referees, proved two promissory notes given by the defendant, bearing date 17th April, 1829, each for the sum of $133,34: one payable on the first of *September* and the other on the first of *February* succeeding the date of the notes; the notes being payable to *Joseph C. Payne*, or bearer. The *payee* transferred the notes to a mercantile firm, composed of *Samuel Payne* and *Abraham Payne, previous* to either note coming to maturity, the firm allowing the payee the value of the notes on a settlement of accounts with them. The partnership of *Samuel* and *Abraham* Payne was dissolved in January, 1830, and the notes in question were transferred to the partner *Abraham*, in whose name this suit was commenced. The defendant offered to prove that the consideration of the notes was a boat sold to him by *Joseph C. Payne*, who represented the boat to be sound, well made, and of a certain description; knowing it to be unsound, badly made, and of less tonage than he represented it to be, and actually good for nothing; and that *Samuel Payne*, one of the firm to whom the notes were subsequently transferred, was present at the sale, and united in the representations made by Joseph C. Payne—he also knowing such representations to be false; which evidence was offered either in bar

of the action, or in mitigation of damages. The referees re-
fused to receive the testimony, and made a report in favor of
the plaintiff. The defendant moves to set aside the report.

*J. A. Spencer,* for the defendant.

*S. Stevens,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. I understand the law to
be that the maker of a negotiable note may set up any defence
against the holder which he might against the payee, unless
the holder has advanced money or property, or incurred lia-
bility upon the credit of the note. The note was not passed
in the usual course of trade. Chief Justice Spencer, 20 *Johns.
R.* 651, says: "I understand, by the usual course of trade,
not that the holder shall receive the bills or notes thus obtain-
ed (fraudulently) as securities for antecedent debts, but that
he shall take them in his business, and as payment for a debt
contracted at the time." In this case, the parties to the note,
payee and endorsees, were brothers doing business about 30
miles apart. The notes were charged in account, but it does
not appear that property was advanced upon them. They may
have been received by the endorsees for a balance due them
by the payee ; or if the balance was in favor of the payee, the
notes were sold on a credit ; and, in either case, the defendant
had a right to give the evidence offered, provided he would
have a right to give it, had a suit been brought in the name of
the payee. The offer in this case was to prove a fraud, in
which not only the payee, but S. Payne, one of the endorsers,
participated.

It is the doctrine of this court, that the partial failure of
consideration may be given in evidence to reduce the amount
to be recovered upon a promissory note between the parties
to it. The argument against it is, that any consideration is
sufficient to support the note ; and that if there is any consid-
eration, however small, that is sufficient to justify a recovery
for the whole amount. This is fallacious. It may be tech-
nically sufficient, but is not the best calculated to do justice
between the parties with the least expense. Here the de-

fendant offered to show that the boat purchased by him was of no value. The defendant alleges that he has a claim arising out of the same transaction, which, if not deducted from the notes, forms the ground of an action ; the examination of the basis of such action, therefore prevents circuity of action. There may be, indeed, a difference between the *contract* and the *security*. If the security (the note) is passed according to the course of trade to a third person, there is no privity between such person and the original contract ; and he having parted with his property, or incurred responsibility, takes the paper free from any claims the maker may have against the payee ; but where the suit is between the parties to the contract, the admission of such evidence prevents circuity of action, and promotes justice between the litigating parties. The plaintiff in this case neither having advanced any thing, nor incurred liability on the credit of these notes, we must on this motion assume that the notes were obtained by fraud, and the defence therefore was proper.

It is now said that notice of this defence should have been given ; and it certainly should, upon general principles, as regards the *partial failure of consideration*. Under the general issue alone, the defendant may show that the plaintiff had *no cause of action* at the commencement of the suit, and such was the offer in this case. Where a *partial failure* only is offered to be shown, notice should be given. In this case, the rejection of the offered testimony was not and could not be placed upon that ground.

The report must be set aside ; costs to abide the event.