## SUPREME COURT.

### EDWARD P. CLARK agt. DANIEL GALLAGHER.

Where a *check* (or negotiable paper) is made and delivered to a person for the sole purpose of raising money on it, and an express agreement to take up a former check of the same amount, which had been previously loaned by the drawer to the person receiving it, and the latter, instead of using the check for such purpose, indorses and transfers it to a third person on account of a prior indebtedness due to the latter from such indorser, and for which credit is given by such third person to the indorser, the *drawer* has his remedy in *equity*, (although he might be protected at law,) and by an *injunction* against the holder of the check to restrain its negotiation.

The latter is not a *bona fide* holder *for value*, although he was ignorant of the purpose for which the check was made, and the agreement under which it was to be used.

*New York Special Term, January,* 1861.
MOTION to dissolve an injunction.

E. P. CLARK, *plaintiff, in person.*
Mr. FLANAGAN, *for defendant.*

SUTHERLAND, Justice.   The motion to dissolve the injunction should, I think, be denied with $10 costs, to abide the event of the action.

The injunction was certainly properly issued on the allegations contained in the complaint.   The complaint alleges that the $1000 check was made and delivered to Simpson for the sole purpose of having him raise money on it, and take up a check of the plaintiff's for the same amount, which he had previously loaned to Simpson, and payable on 19th of October, and upon the express agreement on the part of Simpson to use the check for that purpose only; that Simpson, instead of using the check for that purpose, indorsed and transferred it to the defendant in this action, as collateral security for a debt due from Simpson to the defendant; that the defendant gave no consideration whatever for the check, and that he has parted with no value on account thereof.

The defendant, in his answer, denies that the check was received by him as security for a prior indebtedness of Simpson, or that he gave no consideration therefor, or parted with no value on account thereof; but alleges that the check was given to him by Simpson in payment to that extent, and on account of an indebtedness then due and owing from Simpson to him; and that Simpson was released and discharged therefrom, to the amount of the check, in consideration of the check.

Simpson (whose testimony, taken by commission, the plaintiff reads in opposition to the defendant's motion to dissolve the injunction,) swears that he gave the check to the defendant, to be applied on a debt that he owed the defendant; that he did not receive any new consideration from the defendant for the check, but that he took it solely for the old debt; that the defendant did not give up to him or release any security at the time he took it, but gave him credit for the same.

Simpson's statement of the transaction is quite consistent

with the defendant's answer and affidavit, and I must assume on this motion, I think, that Simpson's statement is correct.

Assuming Simpson's statement of the transaction to be correct, the question is, then, whether the defendant is a *bona fide* holder for value. No doubt he is a *bona fide* holder; that is, that he took the check without notice of the special purpose for which the plaintiff gave the check to Simpson, and Simpson received it; but the question is, did the defendant give or part with value, so as to make him a *bona fide* holder for value ? If the defendant has the protection of a *bona fide* holder for value, then the defendant's motion to dissolve the injunction should be granted; if he has not, then the motion should be denied.

I think that the defendant cannot be called a *bona fide* holder for value, within the rule or principle to be gathered from the decisions of the courts of this state on this point.

See *Farrington* agt. *The Frankfort Bank*, (31 *Barb.*, 183,) where the cases are all reviewed by W. F. ALLEN, Justice.

The general principle held in *Bay* agt. *Coddington*, (5 *John. Ch.*, 54; 20 *Id.*, 637,) that to give the holder of negotiable paper the protection of a *bona fide* holder for value, he must have paid or parted with money or property, or something of value, at the time he received the negotiable paper, appears to have been recognized in all the subsequent cases; although certainly one cannot help seeing that the application of the principle has not always been consistent.

In this case, from the answer of the defendant, and from Simpson's testimony, I must assume that the defendant merely gave Simpson credit for the amount of the check on account of a prior indebtedness, (for what does not appear,) without parting with anything of value, or giving up any security. The defendant may have formally or · nominally discharged a part of his debt, by giving Simpson a receipt or credit, or both, for the check, or the amount of the check, on account of the prior indebtedness; but that alone would not make him a holder for value within the

principle which may be considered as established by the New York cases.

The plaintiff probably would not now suffer if the injunction were dissolved, and the defendant should negotiate the check; but this action was, I think, properly instituted, and the injunction properly issued; and this court having entertained jurisdiction of the subject of the action as a court of equity, should, I think, proceed on the action, and give the final relief or judgment, although the plaintiff might be relieved or protected in an action at law. (17 *John.*, 384; 10 *Id.*, 587, 596.)