## WILLIAM C. BUHRMAN, Respondent, v. DANIEL BAYLIS, Appellant.

*Promissory note — bona fide holder for value — warranty — breach of.*

One Kelly sold a horse to defendant for one hundred dollars, warranting it to be sound ; fifty dollars were paid in cash ; and fifty dollars in a note, which was drawn by the plaintiff, who knew of the sale and warranty, which note was immediately afterwards transferred to him by Kelly, in payment of a pre-existing debt, defendant saying that it was all right. In' an action upon the note, defendant set up a breach of warranty.

*Held*, 1, that as plaintiff was not a *bona fide* holder for value, the defendant was entitled to set up this defense, although he had not returned the horse. 2. That defendant was not estopped by his statement, as plaintiff had parted with nothing of value in reliance upon it, and as he had knowledge of all the facts.

Appeal from a judgment of the County Court of Kings county, affirming a judgment of a Justice's Court in favor of the plaintiff. The action was brought upon a promissory note given by the defendant to one Kelly upon the purchase of a horse, and by him transferred to the plaintiff in payment of an existing debt. The horse was sold with warranty, the plaintiff being present and drawing the note. When the note was transferred by Kelly to plaintiff, defendant said, it is all right. The defense was a breach of warranty.

*W. J. Stanford*, for the appellant.

*C. A. S. Van Nostrand*, for the respondent.

Gilbert, J. :

The fact that the horse was not sound constituted a partial or total defense to the note, unless the plaintiff is a *bona fide* holder thereof for value. (*Payne* v. *Cutler*, 13 Wend., 605.) It was not necessary that the defendant should have rescinded the contract of sale in order to let in such defense. He was at liberty either to rescind the contract, or to affirm it, and to claim damages for the false representations.

The evidence is, that the plaintiff took the note in payment of an old debt. That, according to the settled law in this State, is not sufficient to constitute the plaintiff a *bona fide* holder for

value. (*Coddington* v. *Bay*, 20 Johns., 637; *Weaver* v. *Barden*, 49 N. Y., 293; *Chesbrough* v. *Wright*, 51 id., 662.)

The declaration which the defendant made to the plaintiff, at the time the note was transferred to the latter, did not create an estoppel *in pais*, for two reasons, viz : 1. It does not appear that the plaintiff was misled thereby to his injury. He neither paid, nor parted with anything on the faith of the defendant's statement. 2. He knew that the note was given for a horse sold with a warranty of soundness, drew the note himself, and received it immediately after it was given, and before the defendant could have ascertained whether the horse was sound or not. Two essential elements of an estoppel, therefore, are wanting, namely, actual misleading and resulting injury. (*Payne* v. *Burnham*, 62 N. Y., 72; *Cont. Bk.* v. *Bk. of the Commonwealth*, 50 id., 575.)

The judgment must be reversed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment of County Court reversed, with costs.