## LALOR *v.* YETTER.

*(City Court of New York, General Term.* December 1, 1890.)

ACTION ON NOTE—DEFENSES—FRAUD.

    In an action against the maker of a note, where plaintiff's testimony shows that he received the note after maturity from one who had received it from the payee, in part payment of an antecedent debt, it is error to exclude evidence by defendant that he was induced to execute the note by the fraudulent representations of the payee.

Appeal from trial term.

Action by William S. Lalor on a promissory note for $300, made by defendant, Andrew B. Yetter, to the order of J. Howard Burnham. The note, with $300 cash, was given by defendant to Burnham, for a carpet-beating machine, and a license for using the same within the territory bounded by the North and East rivers and 52d street on the south and 62d street on the north, in the city of New York. Burnham claimed to be the sole agent of one Foster, the patentee of the machine. Upon receiving the $300 cash, and the note in suit, Burnham delivered to the defendant a license for the territory described, representing that he had the exclusive right to grant the license for said territory. Thereafter defendant discovered that Burnham had previously given a license to another person for the use of the machine, upon the same territory covered by the license to the defendant, and thus, by his fraudulent representations, Burnham procured the $300 cash, and the note in suit from the defendant. Upon the trial the defendant offered to prove these facts, but the trial judge refused to permit him to do so, and, upon the opening of counsel stating these details, directed a verdict in favor of the plaintiff. The plaintiff had previously proved that he received the note, after its maturity, from one Patten, who had received it from Burnham in part payment of an antecedent debt. From the judgment entered upon this direction, defendant appeals.

Argued before McADAM, C. J., and FITZSIMONS, J.

*Le Barbier & Brewster,* for appellant. *J. F. Pendleton,* for respondent.

PER CURIAM. The application of the following settled principles of law requires the reversal of the judgment appealed from:

1. Where a person is induced to sign or indorse a note by false representations, he is only liable to one who takes the note in good faith, and for a value. *Hart* v. *Palmer,* 12 Wend. 523; *Stewart* v. *Small,* 2 Barb. 559; *Bank* v. *Diefendorf,* 25 N. E. Rep. 402; *Bank* v. *Green,* 43 N. Y. 298. As a general rule, the indorsement of a negotiable note is, in itself, *prima facie* evidence that the indorsee has paid value for it, but when the payee has procured the note by fraud, this presumption is rebutted, and the holder cannot recover

without proving that he has paid value. 1 Daniel, Neg. Inst. p. 612; Edwards, Bills & N. 686; *Bank* v. *Green, supra; Wilson* v. *Rocke,* 58 N. Y. 642; *Seymour* v. *McKinstry,* 106 N. Y. 240, 12 N. E. Rep. 348, and 14 N. E. Rep. 94; *Hale* v. *Shannon, ante,* 129.

2. To entitle a party to the character of a *bona fide* purchaser, without notice of a prior right or equity, he must not only have obtained the legal right to the property, but he must have paid the purchase money or some part thereof, or have parted with something of value. *Clark* v. *Gallagher,* 20 How. Pr. 308; *Morton* v. *Rogers,* 14 Wend. 576. Receiving a note which has been fraudulently put in circulation merely as payment for a preceding debt, no new credit being given, and no security being discharged or relinquished, nor any new responsibility incurred, is not parting with value such as to enable the holder to enforce the bill against an accommodation party, or to hold it against a true owner, or to hold it free of equities against his transferrer. *Coddington* v. *Bay,* 20 Johns. 637; *Stalker* v. *McDonald,* 6 Hill, 93; *Farrington* v. *Bank,* 24 Barb. 555; *Moore* v. *Ryder,* 65 N. Y. 438. See cases collated in 4 Lawson, Rights & Rem. § 1581. Receiving negotiable paper in payment of a debt, giving a receipt for it, and balancing the account on the creditor's books, no securities being surrendered, do not constitute a parting with value. *Spear* v. *Myers,* 6 Barb. 445; *Paine* v. *Cutter,* 13 Wend. 605; *Lawrence* v. *Clark,* 36 N. Y. 128.

3. The purchaser of dishonored paper takes it subject to all legal or equitable defenses which existed against it in the hands of the person from whom he received it. *De Mott* v. *Starkey,* 3 Barb. Ch. 403. One who receives an overdue note is but the assignee of a chose in action, and takes only such title as was possessed by his assignor. *Farrington* v. *Bank,* 39 Barb. 645; *Britton* v. *Hall,* 1 Hilt. 528.

4. Rejecting the evidence, which would have defeated the right of recovery under the principles stated, was error for which the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.