PRINCE *v.* NEVER-RIP JERSEY CO.    MATTHEWS *v.* SAME.    JAYNE *v.* SAME.
HOSKINSON *v.* SAME.    BUTTERWORTH *v.* SAME.

*(City Court of New York, General Term.* February 1%, 1891.)

PROMISSORY NOTES—TRANSFER TO PAY PRE-EXISTING DEBT—BONA FIDE HOLDERS.

A negotiable note, transferred before maturity in payment of a pre-existing debt, is still subject to all the equities existing between the original parties, although the holder has no notice of them.

Appeal from trial term.

The above cases, although not tried together, arose out of the same transaction, and present on this appeal substantially the same questions of law. The actions were brought on promissory notes made by the defendant, a foreign corporation, payable to its own order, indorsed by said defendant, and transferred before maturity to one James M. Beattie. The plaintiffs in all the cases, except in the *Hoskinson Case,* acquired them before maturity. In the *Hoskinson Case,* Thomas J. Hoskinson, the father of the plaintiff Thomas N. Hoskinson, acquired the said note before maturity, and gave the same to his son after maturity. The consideration for the transfers were however in all the cases precedent debts, and the material questions on this appeal are: *First.* Whether or not the proof shows that the notes were taken in payment or discharge of the debts, in such a manner as to constitute the plaintiffs herein holders for value. The answer admits the making of the notes, and alleges that they were given for goods ordered to be manufactured by the defendant of said Beattie, which goods were to be merchantable, and were to correspond in quality, color, and texture with the sample from which they were ordered; that Beattie delivered goods not corresponding to the sample, and were not merchantable, etc.; that the goods, which, according to the sample, would have been worth 75 cents per yard, were only worth 40 cents per yard, whereby defendant was damaged to the amount of $3,000, which amount the defendant herewith counter-claims against any recovery on the part of the plaintiffs herein. *Second.* The other question presented by this appeal is whether those facts constitute either a defense or a counter-claim to the notes in the hands of the plaintiffs.

Upon the trials the plaintiffs offered the notes in evidence, and rested. Evidence was then introduced on the part of the defendant to show the consideration for the transfer of each of the notes by Beattie, and evidence was offered on the part of the defendant to establish the defense set up in the answers, which was excluded. Plaintiffs' counsel asked for a direction of a verdict in favor of plaintiffs. Defendant's counsel asked to go to the jury on the questions: (1) Whether or not Mrs. Beattie parted with anything on the receipt of the notes by her from her husband; (2) whether or not the plaintiffs were the *bona fide* holders of the notes for value, and whether they parted with anything upon the receipt of the notes from Mrs. Beattie; (3) on the general issues as to the consideration of the notes, and the damages set up in the answers, which motion was denied; to all of which rulings defendant's counsel excepted. By direction of the court, the jury in each case rendered a verdict in favor of the plaintiff for the amount claimed, and defendant appeals.

It appears from the evidence: *First.* That in the *Prince Case* the note was given by Beattie to Mrs. Beattie, his wife, for borrowed money, and by Mrs. Beattie given, by Beattie, her husband, as her agent, to the plaintiff, on account of rent due from her to the plaintiff. *Second.* In the *Matthews Case*, that Beattie gave the note, and between $100 and $200 in cash, to Mrs. Beattie, his wife, in payment of money borrowed of her, and took her receipt for the same, and closed the account with her; that he, on behalf of his wife, transferred the note to the plaintiff Matthews for money which Mrs. Beattie had borrowed of the plaintiff. *Third.* That in the *Jayne Case* Beattie transferred the note to the plaintiff in part payment of a loan of money, ($2,300,) and that Beattie confessed judgment in favor of plaintiff for the balance of the loan; that neither the note nor any part of the loan has been paid, but that it is all due. *Fourth.* That in the *Hoskinson Case* Thomas J. Hoskinson received the note from Beattie on account of cash loaned Beattie in 1886; that after the note was protested he gave the note to his son Thomas N. Hoskinson, the plaintiff, telling him he could take it, and that he could have the proceeds. *Fifth.* That in the *Butterworth Case* Beattie transferred the note to the plaintiffs, for and on account of interest on a loan of $1,000 made in 1886, and also gave up $2.14 balance of interest due, and on the same day Beattie gave him a judgment for the principal of the loan; that is, $1,000.

Argued before McGowN and Fitzsimons, JJ.

*Blumenthal & Hirsch,* for appellant. *Tracy, MacFarland, Boardman & Platt,* for respondent.

McGowN, J. One of the issues raised by the pleadings herein was as to whether the plaintiffs were the *bona fide* holders of the notes in question, and defendant was entitled to introduce evidence on that point. Such evidence was admitted, and the defendants had a right to go to the jury upon that question as a question of fact to be passed upon by the jury. Defendant asked to go to the jury upon the evidence admitted, as to whether the plaintiffs parted with anything upon the receipt of the notes, and as to whether they were *bona fide* holders and owners of the notes, as questions of fact to be passed upon by the jury. The ruling of the trial justice in excluding this evidence, we think, was erroneous. As a question of law, if plaintiffs did not part with anything on the receipt of the notes, they were not *bona fide* holders, within the rulings of the cases hereinafter cited. In *Potts* v. *Mayer,* 74 N. Y. 595, the same question arose, and was passed upon. Defendant therein asked to go to the jury upon the evidence admitted, as to whether plaintiff was a *bona fide* holder of the notes, which the court declined to do, and directed a verdict for the plaintiff. Held error. It does not appear that in either of the cases the plaintiffs parted with anything at the time of receiving the notes, or at any subsequent time, on the strength of or relying on said notes, or gave up any securities. I think the law is well settled in this state

that a negotiable note, transferred before maturity in payment of a pre-exist⁻ing debt, is still subject to all the equities between the original parties, although the holder has no notice of them. *Bay* v. *Coddington*, 5 Johns. Ch. 54, affirmed, 20 Johns. 637; *Farrington* v. *Bank*, 24 Barb. 554, affirmed, 31 Barb. 188.   Plaintiffs not having parted with anything at the time of receiving the notes, they were not *bona fide* holders of the notes, but took them subject to all defenses which might have been set up as against Mrs. Beattie.   Mrs. Beattie not having parted with anything at the time of receiving the notes, she was not a *bona fide* holder, but took them subject to any defenses which might have been set up against her husband, who was the original party to whom they were delivered by the defendant.   See *Lawrence* v. *Clark*, 36 N. Y. 128.   BOCKES, J., says, (page 129:) "The numerous decisions bearing on this question were all carefully considered in *Farrington* v. *Bank*, 24 Barb. 554, and it was there determined that the rule laid down in *Rosa* v. *Brotherson*, 10 Wend. 85, and in *Payne* v. *Cutler*, 13 Wend. 605, to the effect that where a creditor receives a transfer of a negotiable note in payment of a precedent debt, without giving up any security, takes it subject to all equities existing between the original parties, was the settled law of this state.   I am not aware of any more recent cases holding in hostility to this rule."   See *Weaver* v. *Barden*, 49 N. Y. 291.   In *Insurance Co.* v. *Church*, 81 N. Y. 222, ANDREWS, J., says: "Since the case of *Coddington* v. *Bay*, 20 Johns. 637, it has been the established law in this state that to constitute an indorsee of negotiable note a holder for value, so as to execute the equities of antecedent parties, it is not sufficient that the transfer should be valid as between the indorser and indorsee, but, in addition, the latter must have relinquished some right, incurred some responsibility, or parted with value upon the credit of the paper at the time of the transfer."   And at page 225: "In view of this long line of authorities, it must be regarded as the settled doctrine in this state that the surrender by a creditor of the past-due notes of a debtor, upon receiving from him, in good faith, before maturity, the note of a third person, in place of the note surrendered, constitutes the creditor a holder for value of the note thus taken, and protects him against the defenses and equities of the antecedent parties; and that it is immaterial whether the note surrendered was given to the creditor for goods sold or money loaned, or under circumstances which would leave the original debt represented by the note in existence, enforceable against the debtor, or whether, by surrendering the note, the creditor parted with his entire right of action."   To constitute the plaintiffs holders for a valuable consideration, the valuable consideration must be either a new advance made at the time, or some security must be parted with, or an existing indebtedness actually discharged, in order to complete the title of the holder.   *Farrington* v. *Bank*, 24 Barb. 554 and 561, affirmed, 31 Barb. 183.   See, also, *Lalor* v. *Yetter*, 11 N. Y. Supp. 638, (Gen. Term City Ct., November, 1890.)   In *Turner* v. *Treadway*, 56 How. Pr. 28, also in 53 N. Y. 650, precisely the same questions arose as in the cases at bar.   Treadway and others gave their promissory note to Wilbur Turner.   The note was transferred by the payee to plaintiff's intestate in payment of a precedent debt.   Such debt was not evidenced by any writing or written acknowledgment, and no security was parted with by the transferee.   Defendants set up in their answer that the note was given for the purchase price of goods sold by the payee, and alleged a breach of warranty in the sale, asking to recoup damages.   The court below held that payment of the precedent debt made plaintiff's intestate a *bona fide* holder, and refused to submit any question to the jury save as to whether the note was transferred before or after maturity.   The jury found that it was transferred before.   Held, that the ruling of the court was error; that plaintiff's intestate was not a *bona fide* holder, within the uniform decisions from *Coddington* v. *Bay*, 20 Johns. 637, to *Weaver* v. *Barden*, 49 N. Y. 287; and that the note was therefore subject in his hand

to any legal or equitable defense which existed against it in the hands of the payee. In the cases at bar the notes in question were not deposited as security for the precedent debts. They were not transferred as collateral security, with an agreement for forbearance, followed by the surrender of any security previously held. There was no indication that they were taken in absolute payment, beyond that (in one of the cases) of a receipt for same in payment. The indebtedness of each of the parties who transferred the notes to the plaintiffs was past due at the time of transfer, and, there being no evidence of any agreement for delay, there was no implied agreement for delay, and the notes in question being for less amounts than the amounts of the original indebtedness, there cannot be any inferred consideration of forbearance or delay, to constitute the holder, on that ground, a holder for value.

2. Do the facts alleged in the answer herein constitute either a defense or a counter-claim to the notes in the hands of the plaintiffs? The answer sets up as a defense a breach of the warranty on the part of Beattie, and counterclaims the damages. In an action brought by Beattie on the notes in question against defendants herein, the makers, the defendants could have set up such alleged breach as a defense. *Farrell* v. *Krone*, (Gen. Term Sup. Ct.) 24 Wkly. Dig. 89. It is immaterial whether it retained the goods or not. It was not bound to return, or offer to return, the goods, but it could retain and use the same, and have its remedy upon the warranty. *Day* v. *Pool*, 52 N. Y. 417; *Buhrman* v. *Baylis*, 14 Hun, 608; *Payne* v. *Cutler*, 13 Wend. 605. And the same defense would be available in an action brought upon the notes by parties who were not *bona fide* holders for a valuable consideration. I think that the ruling of the trial justice in excluding the testimony offered to sustain the defense, in refusing to allow defendant to go to the jury on the several questions, as requested by defendants' counsel, and in directing a verdict for plaintiff, was erroneous, and that the exceptions taken to such rulings were well taken. Judgment in each case must be reversed, and a new trial granted, with costs of appeal to abide the event.