BRADLEY & CURRIER Co., Limited, *v.* MEYER *et al.*

*(City Court of New York, General Term.* October 15, 1891.)

NEGOTIABLE INSTRUMENTS—ACTIONS—EVIDENCE—ACCOMMODATION INDORSERS.

Where the indorsers defend an action on a note on the ground that they indorsed it for the accommodation of the maker, to enable him to procure the cancellation of a judgment which plaintiffs held against him, and that he wrongfully delivered the note to them without procuring such cancellation, it is error to exclude evidence of what the maker said to induce them to indorse the note, and evidence that he had property on which plaintiffs' judgment was a lien.

Appeal from trial term.

Action by the Bradley & Currier Company, Limited, against Siegmund T. Meyer and others on certain notes. There was judgment for plaintiffs, and defendants appeal.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*James Dunne,* for appellants. *Putney, Bishop & Slade,* for respondents.

EHRLICH, C. J. The defense by the indorsers was that they indorsed the notes to accommodate the maker, to enable him to procure the cancellation of a judgment held by the plaintiffs against the maker, and that it was wrongfully given to them by the maker without procuring such cancellation. The defendants (the indorsers) undertook to prove what was said by the maker to the indorsers to procure their indorsement, and the testimony was in several instances ruled out. They also undertook to prove that the maker owned property at the time on which the judgment was a lien, and this was ruled

out. We think this was error. It was proved, and not disputed, that the judgment was not canceled, so that the condition as to cancellation was material. For these reasons, and without considering the other exceptions in the case, we think the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event.