## YALE et al. v. DART et al.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

DRAFTS—ACCEPTANCE FOR ACCOMMODATION—BONA FIDE HOLDER—EVIDENCE.

Plaintiffs in an action against the acceptor of a draft, which they received as collateral security for an antecedent debt of the maker, are affected by all equities between the maker and acceptor, and cannot recover where it was accepted for their own accommodation, and upon an agreement that they should protect it, which may be proven by conversations in their absence between the maker and acceptor.

Appeal from city court, general term.

Action by Edward P. Yale and others against Henry C. Dart and others. From a judgment of the general term of the city court (17 N. Y. Supp. 179) affirming a judgment of the special term for plaintiffs, entered on the verdict of a jury, defendants appeal. Reversed.

For former reports, see 13 N. Y. Supp. 959, *mem.*, reversed by Id. 277.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Howard Y. Stillman,* for appellants. *T. Henry Dewey,* for respondents.

DALY, C. J. The action was brought upon a draft drawn by one C. A. Smith upon the defendants, by their firm name of H. C. Dart & Co., to the order of the plaintiffs, by their firm name of Yale, Bryan & Co., at 30 days, for $230, and dated October 4, 1887. It was accepted by the drawees, who set up as one defense that their acceptance was without consideration, and made solely for plaintiffs' accommodation, and upon the express agreement that it should be protected by plaintiffs. It appeared upon the trial that the plaintiffs received the draft from the maker, Smith, as collateral security for his antecedent indebtedness to them. This being so, they would not be entitled to recover upon it against the acceptors, if such acceptance were, as alleged in the answer, without consideration, and made solely for the plaintiffs' accommodation. To sustain the defense, the defendant Dart offered himself as a witness to prove the arrangement or agreement between himself and the maker, Smith, upon which the acceptance was given; but he was not allowed to testify to his conversation with the latter, on the ground that the plaintiffs were not present. This was error. The plaintiffs, not having parted with value when they got the draft, and having received it merely as collateral to an antecedent debt, took it subject to all the equities between the maker and acceptor. *Comstock* v. *Hier*, 73 N. Y. 269–273; *Tinsdale* v. *Murray*, 9 Daly, 446–449; *Prince* v. *Jersey Co.*, (City Ct. N. Y.) 13 N. Y. Supp. 567, 568; *Bradley & C. Co.* v. *Meyer*, (City Ct. N. Y.) 16 N. Y. Supp. 88. What the equities between the maker and acceptor were was to be determined by the transactions between them in reference to this draft; and their conversations at and before the time of the acceptance, going to show upon what understanding or agreement it was given, were material and competent, whether the plaintiffs were present at such conversations or not. The plaintiffs took the draft subject to whatever agreement had been made by Smith and Dart, and subject to whatever conditions Dart had affixed to his acceptance; and defendants should have been permitted to show what occurred, as plaintiffs were bound by it, whether they knew of it or not. *Tinsdale* v. *Murray, supra; Prentiss* v. *Graves*, 33 Barb. 621–625; *Benjamin* v. *Rogers*, 126 N. Y. 60–65, 26 N. E. Rep. 970. After it had been shown that the draft was accepted upon condition that it was to be used for the accommodation of the plaintiffs, and not of the maker, and was to be protected by the plaintiffs at maturity, the latter, unless they could show that they parted with value when they received the draft from the maker, would not be entitled to recover. Cases cited above. If the plaintiffs should succeed in proving that they had given value for the draft, (which does not seem to be the case,) then they would be bound to go further, and prove that they had no notice of the conditions im-

posed by the acceptor; and, if the jury found it to be so, they would be entitled to recover. *Bank* v. *Penfield*, 69 N. Y. 502. It is claimed by the respondents that the note took the precise course which the acceptors designed for it, but this is not so. The acceptors designed it to be used by the plaintiffs, but only for the latter's accommodation; not for enforcement against themselves, and not for the accommodation of the maker, to be used by him in securing his own debt. The answer does not state that the note was fraudulently diverted, but sets up facts which, if proved, would establish that defense; for if Smith was intrusted with the draft to deliver to the plaintiffs for their accommodation, but instead of doing so secured his own debt with it, it was a diversion of the draft, even though such debt were owing to the plaintiffs. For the error in excluding the conversation and transaction between the defendants Dart and Smith the judgment will be reversed, and a new trial ordered, with costs to abide the event. All concur.